[Filed March 23, 1891.]

## M. H. MURPHY *v.* THE CITY OF ALBINA.

MUNICIPAL CORPORATION—CHARTER OF THE CITY OF ALBINA.—Under section 18 of the charter of the city of Albina (Laws 1887, 176,) the city of Albina may, through and by its officers and agents, render itself liable for work in improving its streets, without an ordinance first passed authorizing the same. The mayor and common council are the governing body of the corporation, and it may act through those officers or any of them authorized for the purpose, or it may appoint agents to carry into effect the power of improving its streets.

RATIFICATION BY ACCEPTANCE OF THE WORK.—If work was done in improving the streets without regular authority by direction of the mayor and members of the council, and afterwards the council accepted the same on behalf of the city, this would be a ratification and equivalent to an original authority.

Multnomah county: E. D SHATTUCK, Judge.

Plaintiff appeals. Reversed.

This action is prosecuted by the plaintiff against the defendant to recover the sum of $422.60 for grading, cutting and filling Margaretta avenue, one of the defendant's streets, which work is alleged to have been done at the special instance and request of the defendant. The answer denies the material allegations of the complaint, and then alleges in substance that on the 23d day of June, 1888, the plaintiff and defendant entered into a contract, by the terms of which plaintiff agreed, among other things, to do all the work necessary and required to be done in and about the improve-

ment of Margaretta avenue, and for a certain distance along said avenue, in consideration of certain payments in said contract mentioned which have been fully made, and all of the grading in the complaint alleged was done under and in accordance with this agreement. It is then alleged that the plaintiff agreed to look for payment to a fund to be raised by an assessment upon the property liable to pay for such improvement, and that defendant assessed, collected and paid into its treasury the whole sum which plaintiff was entitled to receive for said work. The reply denied the new matter in the answer, and then sets out the contract referred to therein, and adds: "That subsequent to the making of said contract, and after the plaintiff had graded, excavated and filled Margaretta avenue to the full extent required by the specifications and estimates prepared by the defendant, and under which said contract was entered into, and had fully complied with the terms of said contract on his part to be done and performed, defendant changed the grade of said street and added to the work to be done 700 yards of cut and 942 yards of fill, which is the work sued for in this action."

Upon a trial before a jury a verdict was rendered for the defendant upon which a judgment was entered, from which this appeal is taken. The bill of exceptions shows that upon the trial the plaintiff gave evidence tending to prove that plaintiff performed the work and labor named in the complaint; that he had not been paid therefor; that the work was done by order of the city surveyor of the city of Albina, and was not included in the contract set up in defendant's answer; that the grade of said street as provided for in said contract was changed by order of the city surveyor of Albina, and that such change in the grade necessitated the doing of the work named in the complaint; that when said change was ordered, plaintiff complained of the same to two members of the council and to the mayor of the city of Albina, and that he was told by them to go on and do the work as directed and follow the instructions of the city surveyor; that

when said work was completed as ordered by the city surveyor the same was accepted by the city of Albina, and that the reasonable value of the same was the sum of $466.20, and that said work was for the benefit of said city of Albina. At the conclusion of the evidence, the plaintiff asked the court to instruct the jury that if they should find that the work sued for was performed by plaintiff, by order of the city surveyor and street supervisor of said city of Albina, acting for and on behalf of said city, and that said city, acting through its proper officers, accepted said work, and that said work was outside of and not included in plaintiff's contract with said city, and that said city received the benefit of the same; that the plaintiff notified the mayor of said city, and the only councilman to be found at the time such work was so ordered, of the said order of the surveyor and street supervisor, and that said mayor and said councilman directed the plaintiff to proceed and obey the instructions of said city surveyor and street supervisor, and that while said work was in progress said city knew of the same, then the city would be responsible for such work done and not paid for. This instruction was refused and an exception was taken.

The court then among other things instructed the jury as follows: "If the work that he has done, however, is outside of what is required by this contract,—that is to say, if it is grading, excavating and filling which brings the grade of the street above the established grade,—then he is not entitled to recover for that unless some particularly constituted authority of the city of Albina has authorized the survey of the city to be made higher than the established grade. The only authority which could thus change the grade of the street is the city council and the mayor, proceeding in the manner prescribed by charter,—by ordinance to change the grade. Unless it appears there was some such proceeding had, then any work that was done to bring the surface of this Margaretta avenue above the established grade is not authorized and cannot be paid—cannot be lawfully paid

by the city. It may be, there has been a mistake in the esti-
mate; that the contract was framed so low by the city and
was taken by the plaintiff here upon a false basis originating
in the mistake of the surveyor whereby more work was
actually done by the plaintiff than was estimated by the
surveyor and street commissioner. If that was the case, I
think the remedy of the parties should have been to ask
the city to revise the work of the surveyor, and before
settling with them for a price to have had a correction then
and there."

*John M. Gearin*, for Appellant.

A city, in an action against it for work done under a con-
tract within the power of the city to make, can be bound on
an implied contract to be deduced by inference from corpor-
ate acts, without either a vote or deed in writing. By sub-
sequent acts it may ratify the contract of its officers. (*Town
of New Athens* v. *Thomas*, 82 Ill. 259; *Seagraves* v. *Alton*, 13 Ill.
371; *Bank of Columbia* v. *Patterson*, 7 Cranch, 299; *Brady* v. *The
Mayor*, 20 N. Y. 319; *Pixley* v. *Western Pac. R. R. Co.* 33 Cal.
183, 91 Am. Dec. 623; *Cincinnati* v. *Cameron*, 33 Ohio St. 336.)

*P. L. Willis*, for Respondent.

In cases of public agents the public corporation is not
bound unless it manifestly appears that the agent is acting
within the scope of his authority, or he is held out as having
authority to do the act, or is employed in his capacity as a
public agent to make the declaration or representation for
the government. (Dillon's Mun. Corp. (3d ed.) § 445.)
Furthermore, if appellant can recover anything it must be
on *quantum meruit*, as that is all he alleges or claims. To
maintain such claim the work must have been done under
contract — which is not claimed in this case — or by express
request of the respondent, because there can be no implied
liability on the part of the respondent. (Dillon's Mun. Corp.
§ 460; *Argenti* v. *San Francisco*, 16 Cal. 282.)

STRAHAN, C. J.— Whether the rulings of the trial court
can be sustained, must depend on the charter of the defend-

ant and upon the facts disclosed by the record.    The
defendant corporation was incorporated by an act approved
February 4, 1887.    (Laws, 1887, 176.)    By section 18 of the
charter, the council is given authority to make by-laws and
ordinances not in conflict with the laws of this state or of
the United States, and all necessary provisions for carrying
them into effect.    Subdivision 6 of the same section confers
upon the council power "to grade, gravel, plank or other-
wise improve and keep in repair, highways, streets and
alleys, provided, that no property shall be assessed for the
construction of such improvements for more than one-half
of its last county assessed valuation; * * * and pro-
vided further, that in case of a proposed street improvement,
when the improvement proposed is to be made at the
expense of the property adjacent thereto, thirty days' notice
of such intention shall be given by posting three notices
thereof in public places of said city."    This section confers
upon the council very full power over the subject matter
named in it.    It may make the improvements therein named
and pay the expenses thereof out of the general fund of
the city; or by giving thirty days' notice of such intention,
it may tax the adjacent property for such proposed improve-
ment, provided that the assessment shall not be more than
one-half of the last assessed county valuation of such
property.    Under this provision of the charter, we think
the city of Albina might, through its officers and agents,
render itself liable for work on its streets without an
ordinance first passed authorizing the same.

The mayor and common council are the governing body
of this corporation.    The corporation may act through these
officers, or any one of them authorized for the purpose, or it
may appoint agents to carry into effect the power of
improving streets.    It might confer that authority upon
the street supervisor, or it might appoint a city surveyor and
vest him with authority in the premises; or if work was
done in improving the streets, without regular authority by
the direction of the mayor and members of the council, and

afterwards the council accepted the same on behalf of the city, this would be a ratification, and would be equivalent to an original authority and of equally binding force. Whether the work was done and under and by what authority and whether the same was accepted by the council, were all questions which ought to have been submitted to the jury. It appeared upon the trial that the mayor and two members of the council in effect directed the extra work to be done and told the plaintiff to obey the orders of the city surveyor. Assuming that the two councilmen, who were not consulted so far as appears, did not consent to this, still the two that did act with the mayor would constitute a majority of the council. Upon the hearing here it was argued by respondent's counsel that it must appear that the council met and acted before any liability could arise. Two of the members of the council and the mayor who authorized the work had knowledge of their own acts in directing the work to be done, and when they met and accepted it, it is difficult to see why the city was not thereby rendered liable. The officers of the city directed the plaintiff to render valuable services for it in improving one of its streets which he was then doing under an express contract with it, but the new or increased services were additional and beyond those required by the original contract, which services when performed were accepted and used by the city with the other work performed under the express contract. In such case fair dealing requires that such labor should be paid for when it appears that all concerned acted in good faith.

The ruling of the court in giving and refusing instructions not being in harmony with what is said in this opinion, its judgment must be reversed and the cause remanded for a new trial.