Argued and submitted October 20, 1982, affirmed July 27, 1983

EMPLOYMENT DIVISION,
*Petitioner,*

*v.*

SMITH et al,
*Respondents.*

(82-AB-263, 264; CA A24394 (Control))

EMPLOYMENT DIVISION,
*Petitioner,*

*·v.*

UNDERHILL,
*Respondent.*

(82-AB-262, 265; A24396)
(Cases consolidated)

666 P2d 1369

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for petitioner. With her on the brief were

Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Larry T. Coady, Albany, argued the cause and filed the brief for respondents James S. Smith, Eloise B. Miller and Sandra S. Garrett.

No appearance for respondent Virginia M. Underhill.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Buttler, P. J., dissenting.

## WARREN, J.

The Employment Division (Division) seeks judicial review of two orders of the Employment Appeals Board (EAB), consolidated for purposes of review, involving four claims for unemployment compensation benefits. EAB's orders set aside the Division's amended decisions concerning eligibility of claimants for benefits and reinstated the Division's initial eligibility decisions on the ground that the Division had no authority to withdraw and amend its initial decisions. We affirm.

The facts underlying the four claims and two orders are identical. Claimants were employed by the Division until federal budget decreases necessitated a reduction in staff. Claimants received letters from the Division advising them that they would be laid off unless they exercised their "bumping rights" to replace employes in their classification with lower service credits or to accept demotions and replace employes with lower classifications. Claimants did not exercise their bumping rights and were laid off.

They filed claims for unemployment compensation benefits. On October 29, 1981, the Division informed them that they were eligible for benefits, because they had been laid off and had not received a specific offer of work. On November 5, 1981, the Division issued amended decisions informing claimants that they were not eligible for benefits. The Division's amended decisions conformed with agency policy that the failure to exercise bumping rights constitutes a refusal to accept suitable work unless good cause for the refusal is demonstrated.

Claimants requested hearings to challenge the Division's denial of benefits. The referee found that claimants did not fail to accept suitable work without good cause and that, therefore, they were entitled to benefits. The Division applied to EAB for review of the referee's decisions. EAB analyzed ORS 657.290 and OAR 471-30-039, concluded that the rule unlawfully expanded the statutory grounds on which the Division can amend its decisions and held that the Division had no power to amend its initial decisions here. Therefore, EAB ordered that the amended decisions be set aside and that the initial decisions allowing benefits be reinstated.

The issue before us is whether the Division lawfully amended its initial decisions. ORS 657.290(1) provides two grounds on which it can amend its eligibility decisions, regardless of whether the initial decisions were "final:"

"Upon his own motion or upon application of any party to a claim for benefits, the assistant director may in his discretion at any time after the same was made and *irrespective of whether it has become final under this chapter,* reconsider any previous decision as to *clerical errors* and *errors of computation* in the claim and may, with respect to allowing or disallowing in whole or in part a claim for benefits, enter a new decision either *upon any grounds or issues not previously ruled upon or in any case where new facts not previously known to the assistant director become available."* (Emphasis supplied.)

ORS 657.265(6) defines a "final" eligibility decision:

"Unless the claimant or one of the employing units * * * within 20 days after delivery of such notice or, if mailed, within 20 days after the same was mailed to the party's last-known address, files with the assistant director a request for hearing upon the decision, it shall be final and benefits shall be paid or denied in accordance therewith, unless otherwise provided by law. * * *"

OAR 471-30-039(4) provides that the Division can amend its eligibility decisions before they become "final" for reasons other than the two grounds in ORS 656.290(1):

"An authorized representative may, upon discovery of new information, *error or misinterpretation of policy,* rules or law, amend any administrative decision that has not become final, whether or not the decision has been appealed by a claimant or an employing unit. * * *" (Emphasis supplied.)

It is undisputed that the Division's initial eligibility decision could still be prevented from becoming "final" under ORS 657.265(6) at the time the amended decision was issued and that the ground for amending the decisions, misinterpretation of agency policy, was authorized by OAR 471-30-039 but not expressly authorized by ORS 657.290(1). The issue is whether the rule is an invalid expansion of the statutory bases upon which a prior decision may be reconsidered.

Before OAR 471-30-039 was promulgated, we held in *Lovendahl v. Employment Div.,* 26 Or App 665, 668-69, 554 P2d 611, *rev den* 276 Or 873 (1976), that the only grounds on

which the Division can reverse its eligibility decisions are those specified in ORS 657.290(1). The Division argues that *Lovendahl* is distinguishable from the case at bar, because the initial decision there had become "final" under ORS 657.265(6) before the amended decision was issued. The Division contends that the distinction between final and nonfinal decisions in ORS 657.265(6) illustrates the legislature's intent that the Division be able to scrutinize its initial decision to ensure correctness and consistency before the decision becomes binding.

As the Supreme Court said in *Monaco v. U.S. Fidelity and Guar. Co.,* 275 Or 183, 188, 550 P2d 422 (1976), whatever the legislature may have intended,

"* * * it is for the legislature to translate its intent into operational language. This court cannot correct clear and unambigous language for the legislature so as to better serve what the court feels was, or should have been, the legislature's intent. *Lane County v. Heintz Construction Co. et al,* 228 Or 152, 157, 364 P2d 627 (1961)."

We conclude that the unambiguous language of the relevant statutes does not support the Division's arguments. ORS 657.290(1) provides the grounds for amendment of eligibility decisions "irrespective of whether it has become final" under chapter 657. Under *Lovendahl,* those statutory grounds are exclusive.

■ We read ORS 657.290(1) and *Lovendahl* to mean exactly what they say: whether or not the decision has become "final" under ORS 657.265(5), the Division can amend it only on the two statutory grounds. The term "final" in ORS 657.265(6) refers only to the time after which claimants or employers can no longer request a hearing on the eligibility decision; it has nothing to do with the grounds upon which the Division can amend its decisions. Reading ORS 657.290(1) and 657.265(6) together, we conclude that the Division can amend its eligibility decisions only on the two statutory grounds regardless of whether a hearing has been requested.

■ An administrative agency may not, by its rules, expand the authority granted it by the terms of a statute. *Miller v. Employment Division,* 290 Or 285, 289, 620 P2d 1377 (1980); *Oregon Educ. Ass'n v. Eugene School Dist 4J,* 53 Or App 722, 727, 633 P2d 28 (1981). OAR 471-30-039(4) is invalid,

because it expands the limited grounds for amendment of eligibility decisions under ORS 657.290(1). Therefore, the Division's amended decisions were invalid, because they were not authorized by ORS 657.290(1). The Board did not err in reinstating the original decisions finding claimants eligible for benefits.

Affirmed.

**BUTTLER, P. J.,** dissenting.

Because I do not think that ORS 657.290(1) restricts the Division's authority to correct an error of any kind pending a request for hearing, I dissent.

Concededly, the language of both ORS 657.290(1) and ORS 657.265(6) is confusing. However, I think a commonsense reading of the phrase, "irrespective of whether it has become final * * *" is that it means *even if* the decision has become final. Similarly, a commonsense reading of ORS 657.265(6) is that a decision is final if no request for hearing is filed within 20 days; otherwise the literal reading requires the conclusion that a decision is final at the instant it is issued, subject to condition subsequent which, if it occurs, renders the decision non-final.

Accordingly, I would read the two statutes together to mean that the Division may make the statutorily authorized changes even after the 20-day period has expired without a request for hearing having been filed. As so read, there is no limitation on the Division's authority to correct errors in the decision during the 20-day period — the decision is not final, and there is no reason of which I am aware that would preclude further agency consideration of the subject matter until it becomes final, at which time ORS 657.290(1) gives the Division limited authority. We need not decide whether OAR 471-30-039 exceeds the Division's authority; in this case, regardless of the regulation, the Division had authority to correct its decision.

Our holding in *Lovendahl v. Employment Div.,* 26 Or App 665, 554 P2d 611, *rev den* (1976), does not preclude my reading of the statutes. In that case, it appears that the corrected decision was made more than 20 days after the original decision. Even though the decision was final, we held that the

Division was authorized under ORS 657.290(1) to amend its decision on "new grounds," albeit the same facts.

When possible, courts should avoid an interpretation of statutes that leads to a result that makes no sense. To me, it makes no sense to conclude that the Division did not have authority to do what it did here — correct an oversight. Therefore, I would reverse and remand for consideration on the merits.