Argued and submitted October 24, affirmed December 26, 1985

# SLOMINSKI,
## *Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
## *Respondents.*

(84-AB-1492, 84-AB-1782; CA A33925 (Control), A34603)
(Cases Consoidated)

711 P2d 215

Terrance J. Slominski, Portland, argued the cause and filed the brief for petitioner.

Kendall M. Barnes, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant is a teacher who applied for unemployment benefits for two periods during the summer recess of 1984. The first claim was for June 17 to July 7, and the second was for July 8 to September 8. The Employment Division determined that she was disqualified from receiving benefits by ORS 657.167, and the referees agreed with that determination after two separate hearings. EAB affirmed the decision in two orders, with one member dissenting in the first claim only. Claimant seeks reversal of the orders.

ORS 657.167(1) provides:

"Benefits based on service in an instructional, research or principal administrative capacity for a school, college, university or other educational institution shall be payable to an individual in the same amount, on the same terms and subject to the same conditions as benefits payable on the basis of other service subject to this chapter, except that benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years * * * if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms. * * *"

OAR 471-30-075 defines "reasonable assurance":

"With respect to the application of ORS 657.167, 'reasonable assurance' means a written contract, written notification, or any agreement, express or implied, that the employe will perform services in the same or similar capacity for any educational institution during a subsequent academic year or term or in the period immediately following a recess period."

Cases interpreting those rules hold that a teacher is disqualified from unemployment benefits during a summer recess if he or she has a reasonable assurance of performing a similar kind and quantity of work in the year following the recess as was performed in the year preceding the recess. In *Johnson v. Emp. Div.*, 59 Or App 626, 651 P2d 1365 (1982), the claimant worked as a substitute teacher in the year preceding the summer recess and had a reasonable assurance of working as a substitute in the year following the recess. We held that he was disqualified from receiving benefits. In a case where the

claimant was employed as a full-time teacher in the year preceding a summer recess and had accepted a part-time position for the year following the recess, we held that ORS 657.167(1) did not disqualify the claimant, because the quantity of work of which he was assured after the recess was much less than that which he performed in the year preceding the recess. *Kelly v. Employment Division*, 74 Or App 69, 701 P2d 448, *rev den* 300 Or 111 (1985).

The primary issue in this case is whether claimant had a reasonable assurance of performing services in the 1984-85 school year "in the same or similar capacity" as during the 1983-84 school year. The first disputed issue concerns the capacity in which claimant performed services during 1983-84. It is undisputed that she worked a total of 104 days during that school year and that she worked every school day between March 26 and June 14, 1984. She testified that she worked as a substitute teacher before March 26 and as a "temporary" teacher after that date. She considered herself a "regular" teacher for that time. She stated she had a verbal agreement that she would work for the school district until the end of the school year, whereas a substitute teacher has no obligation to work when called. Claimant also testified that she was paid approximately $83 per day as a temporary teacher, whereas she was paid $58 a day as a substitute, although in neither situation was she entitled to any other employment benefits. She also undertook responsibilities for planning classes and working "regular teacher full days," which a substitute would not have done.

The payroll clerk for the school district testified that all work reports which she received were for claimant as a substitute teacher and that she was not aware of a contract with claimant. She also testified that substitute teachers working more than 10 days on the same assignment receive a higher rate of pay. The clerk also testified that the school district sent a letter to all substitutes, including claimant, which was dated July 3 and mailed July 5, 1984, expressing the district's intent to employ them as substitutes in 1984-85. The letter reads in part:

"Dear Substitute:

"We want to take this opportunity to thank you for helping us make 1983-84 a successful school year. It is our

intent to employ you during the period after the summer recess on the same basis as your employment was prior to the summer recess. Fall term starts September 4, 1984."

Claimant testified that she did not remember receiving or noticing the letter. The Board relied on the letter as providing claimant's reasonable assurance of employment.

■ The referees found that claimant worked as a substitute teacher during the 1983-84 school year, and the Board agreed. Claimant argues that, because she worked full-time at the end of the 1983-84 year, this case is closer to *Kelly* than to *Johnson. Kelly* is distinguishable in that the claimant worked for the entire year preceding the summer recess as a full-time teacher with full benefits. We think that the referee's finding that claimant worked as a substitute teacher in 1983-84 is supported by substantial evidence in the record. She was compensated as a substitute teacher with more than ten days continuous service on the same assignment but did not receive the benefits that regular teachers had. Contrary to the situation of regular teachers, claimant did not have a written contract, and her attorney conceded at oral argument before this court that her employment could have been terminated at any time during the 1983-84 year.

■ One EAB member dissented on the ground that "[t]he post-recess employment prospect was so quantitatively less than [the work] which the claimant performed just before the recess that it did not constitute the same or similar employment." He was mistaken in looking at the amount of work claimant performed "just before the recess," because ORS 657.167(1) refers to services performed during the entire academic year preceding the recess. The nature of substitute teaching is that the teacher does not know before the beginning of the school year how many days he actually will work. Despite that uncertainty as to the quantity of work, substitute teaching in both the year preceding and the year succeeding a summer recess will disqualify a teacher from benefits during the recess. *Johnson v. Emp. Div., supra.*

■ Claimant also argues that the July 3 letter did not provide her with a reasonable assurance of work in the 1984-85 year. She contends that a reasonable assurance requires a mutual commitment to future employment and that the district's sending a form letter announcing its intent to

employ her is not adequate, relying on *Friedlander v. Employment Division,* 66 Or App 546, 552, 676 P2d 314 (1984). Although the presence of a mutual commitment in that case contributed to our finding a reasonable assurance, we did note that the totality of the employment relationship must be examined to determine if a reasonable assurance was given. 66 Or App at 553. Under OAR 471-30-075, a "written notification * * * that the employe will perform services * * * during a subsequent academic year" constitutes a reasonable assurance. In *Johnson v. Emp. Div., supra,* the claimant received a mailed notice similar to that in this case and responded by informing the school district that he did not wish to remain on the list of substitutes. We held that the claimant had a reasonable assurance. The district's notification of its intent to re-employ claimant is a reasonable assurance of employment.

Claimant argues that the written notification was not a reasonable assurance, because it was sent too late. She argues that the assurance should have been given before the conclusion of the school year, and not after the district had received notice of claimant's unemployment compensation claim. She contends that, because the notice was not timely, she should qualify for benefits for the entire summer recess. The Division responds that claimant did not raise this issue below and that we should not reach it. It also argues that, if there is any problem with the timing of the offer, the proper remedy is to provide benefits to the time of the offer, not for the entire summer. Because claimant did not raise this issue before a referee or EAB, we decline to consider it.

Affirmed.