Argued and submitted June 15, affirmed August 5, 1987

# PHILOMATH FOREST PRODUCTS CO.,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

(86-AB-869-B, 86-AB-869-A & 86-AB-869; CA A41934)

741 P2d 912

Galen L. Bland, Portland, argued the cause and filed the brief for petitioner.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David C. Force, Eugene, argued the cause and filed the brief for respondent Steven L. Smith.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Employer seeks review of EAB's amended order, in which it withdrew its original order and allowed unemployment benefits to claimant, whom employer discharged after a random drug test revealed evidence of marijuana in his system. The amended order adopted the decision of the referee, who concluded that claimant's drug use was not misconduct connected with his work and allowed benefits. ORS 657.176(2)(a). In its first order, EAB had reversed the referee's decision.[1]

Employer's first assignment is that EAB lacked authority to withdraw its original decision and to issue the amended one. ORS 657.290(3) provides:

"The Employment Appeals Board upon its own motion or upon application of any party in interest may in its discretion at any time after the same was made and irrespective of whether it has become final under this chapter, reconsider any previous decision of the Employment Appeals Board. Such reconsideration shall be accomplished by the Employment Appeals Board or special referee designated for the purpose and may include the making of a new decision *to the extent necessary and appropriate for the correction of previous error of fact or law.* Such new decision shall be subject to judicial review in accordance with ORS 657.282." (Emphasis supplied.)

Employer argues that EAB's reconsideration was not directed to an error of fact or law, but was undertaken to implement a new policy. According to employer, the implementation of policy is distinguishable from the correction of factual or legal errors and is not a permissible basis for the amendment of an EAB decision under ORS 657.290(3).

■ Before addressing employer's understanding of that statute, we note that it offers no convincing substantiation for its surmise that EAB's reconsideration and amendment were "motivated" by policy considerations rather than legal or factual ones. It argues that the amended decision simply adopted the referee's and stated no reasons why the first decision was

---

[1] There was also an intervening amended order which was issued after the original one and before the amended one which we are reviewing. That intervening order is not independently relevant to the issues before us.

legally or factually incorrect. However, the only authority employer adduces in support of its contention that EAB was required to explain its amendment or demonstrate an error of fact or law in its first order is ORAP 5.35(1). That rule pertains only to an agency's withdrawal of an order which is pending on review before this court. It is a rule of appellate judicial procedure and has nothing to do with EAB's actions under ORS 657.290(3), at least when, as here, no petition for judicial review was pending at the time of the withdrawal or amendment of the order.

Employer also contends that EAB's original decision was not legally or factually erroneous. Whether it was is the issue in the case, and we—like the referee and EAB in its amended decision—do not agree with employer's conclusion on that issue. Be that as it may, employer's contention has no bearing on whether EAB had *authority* to withdraw and correct the decision. Employer's view of the merits of the case does not divest EAB of the authority to decide the case or to take a different view from employer's on the merits. Although ORS 657.290(3) does permit amendments only to correct decisional errors, it is self-evident that the presence or absence of such errors is for the deciding body, not the parties, to determine.

Employer's remaining, and most strongly urged, basis for contending that EAB amended its first decision because of policy considerations is that, after its first decision, the assistant director of the Employment Division issued a document entitled "Policy and Guidelines for Adjudication of Employer Drug Testing Cases." Employer contends that EAB's "true motivation" for reconsidering the original decision was to implement the assistant director's pronouncement. Employer relies on the concurring opinion of one of EAB's members to support its supposition. However, even assuming the correctness of employer's characterization of the concurrence, the action of the EAB majority is what matters, *see Glide Lumber Prod. Co. v. Emp. Div. (Smith),* 86 Or App 669, 677, n 3, 741 P2d 907 (1987), and its action is *not* susceptible to employer's understanding. The majority adopted the decision of the referee. That decision was rendered substantially before the assistant director issued his statement.

■ Leaving aside the lack of a factual basis for its contention that EAB's amended decision was the product of policy rather than legal considerations, the "policy"/"law" distinction which employer draws is a game of labels. As the Supreme Court explained in *Trebesch v. Employment Division,* 300 Or 264, 272-77, 710 P2d 136 (1985), EAB has no policy-making authority. Its functions are to find facts and to apply and interpret relevant substantive standards enacted by the legislature or promulgated by entities like the assistant director, which, unlike EAB, enjoy "substantive rulemaking authority." In other words, aside from its authority to adopt procedural rules relevant "to the discharge of its duties," ORS 657.685(7), EAB's sole function is to decide questions of fact and law.

■ That fact sheds light on the meaning of ORS 657.290(3) and assists in demonstrating that employer's understanding of that statute is incorrect. ORS 657.290(3) empowers EAB to *reconsider any* previous decision and does not limit the grounds or other matters that may be reviewed on reconsideration. It would be senseless for the statute to authorize EAB to reconsider fully any of its decisions but, as employer argues, to change only some of them. The reason why the statute refers to errors of fact or law in describing when EAB may amend a decision is that EAB decides nothing but questions of fact and law. Correspondingly, the reason why ORS 657.290(3) does not refer to "policy," and cannot be read as lending explicit or implicit support to the distinction on which employer's argument rests, is that EAB has no lawful capacity to make policy decisions.

■ Employer relies on *Employment Division v. Smith,* 64 Or App 33, 666 P2d 1369 (1983), where we held that, under ORS 657.290(1) as it read at the time of our decision, the Employment Division had no authority to withdraw and amend an earlier decision to bring it into conformity with an agency policy. ORS 657.290(1) then provided:

> "Upon his own motion or upon application of any party to a claim for benefits, the assistant director may in his discretion at any time after the same was made and irrespective of whether it has become final under this chapter, reconsider any previous decision as to clerical errors and errors of computation in the claim and may, with respect to allowing or disallowing in whole or in part a claim for benefits, enter a new

decision either *upon any grounds or issues not previously ruled upon or in any case where new facts not previously known to the assistant director become available."* (Emphasis supplied.)

Employer's reliance on *Employment Division v. Smith, supra,* is not simply misplaced; *Smith* illustrates why employer's argument is wrong. The basis for our holding there was, *inter alia,* that ORS 657.290(1) then allowed the Division to amend its eligibility decisions only under the limited circumstances defined by the emphasized language in the foregoing quotation. Neither of those circumstances was present in *Smith.* Conversely, ORS 657.290(3) gives EAB broad authority to amend its decisions to correct any previous error of fact or law. That is precisely what EAB did here. Its original decision was that claimant's off-duty drug use was connected with his work within the meaning of ORS 657.176(2)(a); it reached the opposite legal conclusion in its amended order.[2] Its action was manifestly a "correction of [a] previous error of fact or law," and the issuance of the amended decision was authorized by the statute. We reject employer's first assignment. Its others duplicate arguments which we have rejected in *Glide Lumber Prod. Co. v. Emp. Div. (Smith), supra.*

Affirmed.

---

[2] The Employment Division argues that EAB's amended decision changed a previous factual finding as well as adopting the referee's and rejecting its own previous understanding of the law. We need not decide whether that is correct.