Argued and submitted May 13, reversed and remanded August 24, 1987

# WASHER,
*Petitioner on Review,*

*v.*

# CLATSOP CARE AND
# REHABILITATION DISTRICT,
*Respondent on Review.*

(TC CC83-692; CA A36942; SC S33677)

741 P2d 493

William T. Park, Portland, argued the cause and filed the petition for petitioner on review.

Kim Jefferies, Portland, argued the cause for respondent on review.

LENT, J.

**LENT, J.**

This case presents the questions whether a health district board of directors is authorized, as a matter of law, to reimburse a board member for expenses incurred in the performance of district business and, if the board was so authorized, whether the jury should decide if the board, as a matter of fact, obligated itself to do so. We hold that the board has authority to reimburse, and we remand the case to the trial court for further proceedings in light of this opinion.

I.

The Clatsop Care and Rehabilitation District was formed in March 1978,[1] and plaintiff was elected to the Board of Directors and served as vice chairman. He assumed responsibility for the district's plan to open and operate an extended care nursing home facility, a responsibility he testified was delegated to him by the chairman of the board. With the assistance of his wife, plaintiff undertook a number of tasks necessary to move the project toward completion and, over a period of two years, incurred expenses totaling $7,255.44. He submitted requests for reimbursement to the board in June and August 1981. The board declined to authorize payment. Plaintiff brought this action in July 1983.

Plaintiff alleged three theories of recovery. He asserted that the board, through its conduct, had impliedly contracted to reimburse him for the expenses incurred while carrying out district business. A contract may be implied by conduct as well as expressed in words. Calamari, The Law of Contracts 10-11, § 10 (1970). Its existence is a matter of proof. Alternatively, plaintiff presented a quasi-contract claim. This is not a contract action at all but a claimed obligation owed to plaintiff to prevent the district's unjust enrichment at plaintiff's expense. *Id.* His third theory of recovery is labeled "account" and is not explained in the record. We do not consider it here.

At the close of plaintiff's presentation of evidence at trial, the trial court directed a verdict in favor of the district. The Court of Appeals affirmed without opinion. 82 Or App 748, 728 P2d 978 (1986).

---

[1] The defendant health district was formed pursuant to ORS 440.315 to 440.410.

## II.

As a preliminary matter, the parties dispute the basis of the trial court's decision. Plaintiff argues that the judge withdrew the case from the jury because he ruled, as a matter of law, that the board was unauthorized, even if it chose, to reimburse him. The premise of his appeal is that the board is authorized by statute to reimburse and the jury should have had the opportunity to decide whether he had proved that the board was contractually obligated to do so.

The district, at oral arguments before this court, did not dispute the board's authority to reimburse. It asserts that the board's decision not to reimburse was discretionary, and the trial judge simply upheld the board's exercise of discretion.

Our review of the record leads us to conclude that the trial judge decided that the board simply had no authority to reimburse plaintiff. The judge expressed concern that reimbursing plaintiff would lead to personal liability for board members. The judge referred to ORS 294.100(2), by which a public official becomes personally liable if the official "expends any public money in excess of the amounts, or for any other or different purpose or purposes than provided by law." Although, in his oral ruling explaining his allowance of the motion for a directed verdict, the judge stated that had defendant not been a public corporation "a jury question has been created," in another part of that ruling he seemed to question the sufficiency of the evidence to present a jury question. Whether the insufficiency of the evidence forms an independent basis for a directed verdict is a question to be considered on remand.

## III.

■     We need not decide whether and by what standards a public corporation could reimburse one of its board members for expenses incurred in the discharge of the corporation's business in the absence of explicit authorization. In addition to authority to contract, and generally to "do all the things necessary to carry out the purposes" for which it was formed, ORS 440.360(2) and (15), ORS 198.190 provides explicit authorization to "districts," including health districts such as this one, ORS 198.010(10), to reimburse board members as follows:

> "The governing body may provide for reimbursement of a member for actual and reasonable traveling and other

expenses necessarily incurred by a member in performing his official duties."

The district acknowledges that ORS 198.190 allows the board to reimburse plaintiff for his actual and reasonable expenses. It asserts, however, that an additional step is required before the expenditure is authorized — resolution or vote of the board to release the funds. The district relies on ORS 440.400, a statute describing how money will be deposited and paid out, as a limitation on the board's authority to reimburse plaintiff.[2]

The district confuses restrictions on the manner of entering into a contract with restrictions on the manner of disbursing funds. There are a number of cases in this state refusing to enforce express or implied contractual obligations because the public corporation did not comply with laws restricting how it could enter into contracts. *See Forrester v. City of Hillsboro,* 156 Or 89, 66 P2d 496 (1937) (charter required corporation to contract only pursuant to written ordinance or resolution of the governing board); *White v. City of Seaside,* 107 Or 330, 213 P 892 (1923) (same); *Twohy Bros. Co. v. Ochoco Irr. Dist.,* 108 Or 1, 210 P 873, 216 P 189 (1923) (city failed to comply with competitive bidding requirements which were prerequisite to valid contract); *Montague-O'Reilly v. Milwaukie,* 101 Or 478, 193 P 824, 199 P 605 (1921) (same).[3] But ORS 440.400 does not regulate how the district may enter into contracts.

The expenditure and accounting statute on which the district relies provides, in essence, that money cannot be withdrawn from the district's accounts unless previously ordered

---

[2] ORS 440.400 provides:

"Except as otherwise provided by subsections (3) and (4) of this section and ORS 44.395(4) [not relevant here], all money of a health district shall be deposited in one or more banks or other financial institutions, as designated by the district board. It shall be withdrawn or paid out only when previously ordered by resolution or vote of the board, and upon checks signed as provided by subsection (2) of this section. * * *"

[3] Recent cases from other states seem to take a less rigid view of contract prerequisites, *see, e.g., Vrooman v. Village of Middleville,* 91 App Div 2d 833, 458 NYS 2d 424 (1982) (allowing unjust enrichment claim under certain conditions even though requirement of appropriated funds in advance of contract not complied with); *Blum v. City of Hillsboro,* 49 Wis 2d 667, 183 NW2d 47 (1971) (cause of action for unjust enrichment upheld despite failure to comply with statutory bidding requirements for contract).

by resolution or vote of the board. Withdrawal of funds without prior board resolution to disburse is, of course, unauthorized; however, this says nothing about the types of expenditures a board lawfully may authorize, nor does it restrict how the board may enter into contracts. If the board otherwise is authorized and obligated to make payment, it can be compelled to disburse funds in the manner provided by statute.

■  The Court of Appeals faced a claim similar to the district's in this case in *Andal v. City of Salem,* 53 Or App 159, 630 P2d 1344 (1981). The city claimed that a necessary charter provision had not been complied with and that this was the only contract procedure the city was authorized to use. The court disagreed that the provision controlled contracting and upheld the plaintiff's law action for recovery under theories of express contract and quantum meruit.[4] *See also Ward v. Town of Forest Grove,* 20 Or 355, 359, 25 P 1020 (1891), which upheld action to recover on implied contract for medical services over town's contention that it could incur no liability until it passed an ordinance to provide medical services, stating: "This is not a case where the officers of the corporation have exceeded their authority, nor is it a case where the mode of contracting is specially prescribed and limited by the charter." We hold that reimbursement to a board member for "actual and reasonable * * * expenses necessarily incurred by a member in performing his official duties" is within the authority of the board. ORS 198.190.

■  The parties dispute by what method an alleged creditor can compel payment from the board. The district argues that plaintiff cannot bring a contract action against the board but must proceed against it through a mandamus or declaratory judgment action. However, either of these methods of recovery is premised on the theory that the board owes a duty of payment, a duty which plaintiff claims is a contractual obligation. We know of no reason why a party seeking payment from a public governing body cannot bring an action at law to enforce contractual obligations. An action at law to enforce contractual obligations is a common method to seek

---

[4] The charter provision at issue required the mayor to "sign all legal instruments and documents to which the city is a party" except where otherwise provided. *Andal v. City of Salem,* 53 Or App 159, 162, 630 P2d 1344 (1981).

reimbursement from public bodies. In addition to cases cited *supra, see Barbour & Son v. Highway Com.,* 248 Or 247, 433 P2d 817 (1967) (action to recover amounts in excess of contract for work performed in addition to that contemplated at time of contract); *Laing v. School District No. 10,* 190 Or 358, 244 P2d 923 (1951) (action for breach of express contract); *Public Market Co. v. Portland,* 171 Or 522, 130 P2d 624, 138 P2d 916 (1943) (suit in equity for accounting and for specific performance of contract); *Steiner v. Polk County,* 40 Or 124, 66 P 707 (1901) (quasi-contract action by doctor to recover value of medical services rendered by order of judge); *Murphy v. City of Albina,* 20 Or 379, 26 P 234 (1891) (action to recover excess over express contract price for street improvements); *Beers v. Dalles City,* 16 Or 334, 337, 18 P 835 (1888) (action to recover for services of laborers employed by street commissioner); *Springfield Milling Co. v. Lane Co.,* 5 Or 265 (1874) (action for implied contract).[5] Defendant presents no reason why it is inappropriate in this case.[6]

Having resolved that reimbursement of plaintiff would not exceed the limits of the board's authority and that plaintiff is able to bring an action at law to enforce alleged contract rights, we turn to the disposition of this case.

## IV.

Plaintiff must support his claim of implied contract by evidence of its existence. He must prove that a contract between himself and the board existed and that the expenses for which he seeks reimbursement are "actual," "reasonable" and "necessarily incurred" by him in the performance of his official duties. It is not clear from the trial judge's ruling

---

[5] It may be that resort to case law is unnecessary. If the defendant district is a "public corporation" within the meaning of ORS 30.310, it may be sued upon contract under ORS 30.320. Neither party has cited these sections of Oregon Revised Statutes to us, and we do not here decide whether they are applicable to this cause of action.

[6] *State ex rel v. Funk,* 105 Or 134, 199 P 592, 209 P 113 (1922), was a mandamus action to compel the city auditor to release funds authorized to be paid by ordinances of the city council. By the time of this court's second opinion in the case (considering the merits of an amended alternative writ), the ordinances had been repealed so that the auditor no longer had the authority to withdraw funds. The opinion questioned whether mandamus could be used because "if the relator had a legal claim against the city, he had a right to enforce the payment thereof by an action at law" and a writ would not normally be issued. 105 Or at 158. The court proceeded to overrule the demurrer to the answer to the amended alternative writ, decide the merits and dismiss the proceeding.

whether he would have granted a directed verdict for the district if he had held the expenditure authorized. As we noted at the outset of this opinion, whether plaintiff presented sufficient evidence to withstand a motion for directed verdict remains a question to be considered on remand.

The decision of the Court of Appeals and the judgment of the trial court are reversed. The case is remanded to the trial court for further proceedings in accordance with this opinion.