Argued and submitted June 21, reversed in part and remanded for entry of judgment awarding damages for post-formation expenses only; affirmed otherwise on appeal and on cross-appeal September 6, 1989

## WASHER,
*Respondent - Cross-Appellant,*

*v.*

## CLATSOP CARE AND REHABILITATION DISTRICT,
*Appellant - Cross-Respondent.*

(CC 83-692; CA A49633)

778 P2d 987

Kim Jefferies, Portland, argued the cause for appellant - cross-respondent. With her on the briefs was Wood Tatum Mosser Brooke & Landis, Portland.

Philip S. Griffin, Portland, argued the cause for respondent - cross-appellant. With him on the brief were Peter R. Chamberlain and Bodyfelt, Mount, Stroup & Chamberlain, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

### WARREN, J.

This is the second appeal of this action. We quote the facts from the Supreme Court opinion, *Washer v. Clatsop Care and Rehab. District,* 304 Or 3, 5, 741 P2d 493 (1987):

> "The Clatsop Care and Rehabilitation District was formed in March 1978, and plaintiff was elected to the Board of Directors and served as vice chairman. He assumed responsibility for the district's plan to open and operate an extended care nursing home facility, a responsibility he testified was delegated to him by the chairman of the board. With the assistance of his wife, plaintiff undertook a number of tasks necessary to move the project toward completion and, over a period of two years, incurred expenses totalling $7,255.44. He submitted requests for reimbursement to the board in June and August 1981. The board declined to authorize payment. Plaintiff brought this action in July 1983." (Footnote omitted.)

At the first trial, the trial court granted defendant's motion to strike plaintiff's claim for expenses that he incurred before the District was formed. After a jury trial, the trial court granted defendant's motion for a directed verdict on the expenses incurred after the formation of the district. On appeal, we affirmed without opinion, 82 Or App 748, 728 P2d 978 (1986), but, on review, the Supreme Court remanded the case to the trial court. In its opinion, the Supreme Court stated: "As we noted at the outset of this opinion, whether plaintiff presented sufficient evidence to withstand a motion for directed verdict remains a question to be considered on remand." 304 Or at 10.

On remand, defendant again moved for a directed verdict, based on the insufficiency of the evidence at the first trial. The trial court denied the motion. It allowed plaintiff to file an amended complaint to re-allege expenses incurred before the district was formed and to restate his claims, including changing his second claim from one entitled "implied in law" to one entitled *"quantum meruit."* A jury returned a verdict for plaintiff.

Defendant first challenges the trial court's allowing plaintiff to amend his complaint to allege a claim for pre-formation expenses. We agree with defendant that that was error. Before the first trial, plaintiff's claim for those expenses

was stricken. Plaintiff appealed but failed to assign as error the ruling striking his claim for pre-formation expenses. He argues, however, that the law of the case principle does not apply, because that principle precludes relitigation only of a point of law decided on appeal and here the ruling has not been addressed on appeal.

 Plaintiff is incorrect. Questions that could have been raised and adjudicated on appeal are deemed adjudicated. *City of Idanha v. Consumer's Power,* 13 Or App 431, 509 P2d 1226 (1973). Plaintiff, as appellant, could have contended on appeal that the ruling striking his claim for pre-formation expenses was error. Because he did not do so, the ruling became the law of the case. *Cf. Koch v. So. Pac. Transp. Co.,* 274 Or 499, 547 P2d 589 (1976) (successful plaintiff not precluded from relitigating issue because he did not cross-appeal or raise unfavorable ruling).[1]

 Defendant next argues that the scope of the Supreme Court remand prevented plaintiff from filing an amended complaint to allege a claim for *quantum meruit.* Defendant relies on this language:

> "Plaintiff must support his claim of implied contract by evidence of its existence. He must prove that a contract between himself and the board existed and that the expenses for which he seeks reimbursement are 'actual,' 'reasonable' and 'necessarily incurred' by him in the performance of his official duties." *Washer v. Clatsop Care and Rehab. District, supra,* 304 Or at 9.

Defendant argues that, under that holding, plaintiff had to prove a "true" contract, as opposed to a *quantum meruit* claim, which is not a contract claim at all but a "remedial device which the law has formulated to permit recovery for services or materials from a party, even though under the law of express contracts that party would not be obligated to pay." *Kashmir v. Patterson,* 289 Or 589, 591, 616 P2d 468 (1980).

 We do not agree that the Supreme Court's holding is as narrow as defendant urges. The court described plaintiff's original action:

> "Plaintiff alleged three theories of recovery. He asserted

---

[1] The jury's verdict differentiated between its award of pre-formation expenses and post-formation expenses. Therefore, a retrial is not necessary.

that the board, through its conduct, had impliedly contracted to reimburse him for the expenses incurred while carrying out district business. A contract may be implied by conduct as well as expressed in words. Calamari, The Law of Contracts 10-11, § 10 (1970). Its existence is a matter of proof. Alternatively, plaintiff presented a quasi-contract claim [labeled by plaintiff 'implied in fact']. This is not a contract action at all but a claimed obligation owed to plaintiff to prevent the district's unjust enrichment at plaintiff's expense. *Id.* His third theory of recovery is labeled 'account' and is not explained in the record. We do not consider it here." *Washer v. Clatsop Care and Rehab. District, supra,* 304 Or at 5.

The opinion, taken as a whole, did not hold that plaintiff could not proceed on his second claim. The court determined that defendant had statutory authority to reimburse members for expenses and that plaintiff could bring an action at law to enforce contractual obligations. 304 Or at 9. Among the cases relied on by the court as authority for such actions were ones brought on equitable, implied contract and quasi-contract theories. 304 Or at 9.

The second claim of plaintiff's original complaint was entitled "Implied In law" and alleged that defendant was unjustly enriched. The second claim of his amended complaint is entitled *"Quantum Meruit"* and also alleges that defendant was unjustly enriched. Plaintiff's amendment did not add a new cause of action; the Supreme Court's holding that he must prove a contract between himself and the board encompasses both theories. The trial court did not err in allowing the amendment.

Defendant also assigns error to the denial, on the record made in the first trial, of a directed verdict on remand before the beginning of the second trial. Defendant's argument is premised mainly on its position that plaintiff was required to prove a contract "implied in fact," a position which we have rejected. In the first trial, plaintiff presented sufficient evidence, including that he incurred the expenses in performing official duties, to reach the jury. There was no error in denying the motion. There was no motion for a directed verdict at the end of the second trial.

■ On cross-appeal, plaintiff argues that the trial court should have awarded attorney fees. There is no statutory or contractual basis for an award of fees here, and the facts do

not meet the requirements for an equitable award. Plaintiff did not bring a claim to protect the rights of others as well as his own. *See Deras v. Myers,* 272 Or 47, 535 P2d 541 (1975). Although plaintiff's work in helping to establish the district may have benefited the community, this action was personal.

Reversed in part and remanded for entry of judgment awarding damages for post-formation expenses only; affirmed otherwise on appeal and on cross-appeal.