Argued and submitted December 15, 1989, reversed and remanded for reconsideration
April 25, 1990

MT. HOOD COMMUNITY COLLEGE et al,
*Petitioners,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(88-AB-1350-A; CA A50299)

790 P2d 1164

David J. Riewald, Portland, argued the cause for petitioner Mt. Hood Community College. With him on the briefs was Bullard, Korshoj, Smith & Jernstedt, P.C., Portland.

Marianna Kanwit, Portland, argued the cause for petitioners Gresham Union High School District and Reynolds School District.

Dave Frohnmayer, Attorney General, and Jerome Lidz, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

Margaret S. Olney, Portland, argued the cause for

respondent Janet B. Armstrong. With her on the brief was Durham, Drummonds, Smith & Wiser, Portland.

Before Graber, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

## JOSEPH, C. J.

Employers[1] seek review of an order of the Employment Appeals Board (EAB) that claimant, a teacher, was eligible for unemployment compensation benefits during the 1988 summer school recess. We reverse and remand for reconsideration.

Claimant was a tutor and part-time instructor at Mt. Hood Community College (Mt. Hood) from 1978 through the winter term of 1988.[2] She was laid off in the spring of 1988. She received unemployment benefits based on her employment by Mt. Hood. During the remainder of the 1988 school year, she worked four days as a substitute teacher at Gresham High School and two half days and two whole days at Reynolds High School. Before the 1988 school year ended, she received letters from those schools notifying her of their intent to reemploy her as a substitute teacher during the 1988-1989 school year. She did not then know if she would be teaching at Mt. Hood in the fall.

Claimant applied for unemployment compensation benefits for the 1988 summer recess. Division determined that she was disqualified from receiving benefits by ORS 657.167,[3] because she had received reasonable assurance of employment for the fall.[4] The referee agreed with Division. EAB reversed

---

[1] Employers seeking review, unless otherwise required by the text, will be referred to collectively as employers in this opinion.

[2] Mt. Hood has four academic terms: Fall, Winter, Spring and Summer. Claimant had usually taught classes on a part-time basis in all four terms.

[3] ORS 657.167(1) provides:

"Benefits based on service in an instructional, research or principal administrative capacity for an educational institution or institution of higher education shall be payable to an individual in the same amount, on the same terms and subject to the same conditions as benefits payable on the basis of other service subject to this chapter, except that benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years * * * if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any institution in the second of such academic years or terms."

[4] The statutory language "reasonable assurance" is defined in OAR 471-30-075, which provides:

" '[R]easonable assurance' means a written contract, written notification, or any agreement, express or implied, that the employe will perform services in the same or similar capacity for any educational institution during a subsequent academic year * * *."

the referee's decision, concluding that she was eligible for benefits. On reconsideration, EAB withdrew its first order and filed a revised order holding that she was eligible for benefits because there was no mutual commitment for employment and, given the totality of the employment relationships, there was no reasonable assurance of future work.[5] One member dissented on the ground that mutuality of assurance of employment is not a requisite under the law; therefore, claimant had a reasonable assurance of future work and was ineligible for benefits.

Employers claim that a mutual commitment is not a prerequisite to the giving of reasonable assurance under the statute or the administrative rule. They point to several cases holding that letters of intent from school districts were, by themselves, a reasonable assurance of future work. *See Dufka v. Employment Division,* 87 Or App 254, 742 P2d 624, *rev den* 304 Or 437 (1987); *Slominski v. Employment Div.,* 77 Or App 142, 711 P2d 215 (1985); *Johnson v. Emp. Div.,* 59 Or App 626, 651 P2d 1365 (1982). They also argue that EAB's revised order was wrong, because its findings that claimant had no relationship with the school districts before the spring of 1988 and that she was procedurally ineligible to substitute in the fall, even if true, do not weigh against a finding of reasonable assurance. Additionally, they argue that the presence or absence of a reasonable assurance of future work turns, not on the action or inaction of a claimant, but on the action or inaction of the possible employer.

---

[5] EAB's order reads, in pertinent part:

"We affirm our previous analysis that there was no mutual commitment as required in *Friedlander v. Employment Division,* 66 Or App 546, 676 P2d 314 (1984). In addition, in applying the analysis of *Slominski v. Employment Div.,* 77 Or App 142, 711 P2d 215 (1985), we find that, given the totality of the employment relationship, a finding of reasonable assurance is not warranted. The claimant had no prior relationship with either of these school districts. Her only teaching relationship was during the spring of 1988. She had not registered her certificate with the Multnomah ESD. Therefore, her name would not appear on the substitute list for the 1988-89 school year. Substitutes for both Gresham and Reynolds were drawn from the Multnomah ESD substitute list. The claimant did not register her certificate because she did not intend to pursue further substitute work. In spite of the form letter sent to the claimant notifying her of the summer recess and stating it was expected she would perform the same or similar work in the next school year, she would not have been called. Her name was not on the substitute list. There was no agreement, express or implied. Receipt of notice by one who has no intention of working, and who would be procedurally ineligible to accept work as a substitute teacher, does not amount to reasonable assurance under the circumstances that existed in this case."

Claimant asserts that EAB properly considered the intent letters from the high school as one factor in the totality of the employment relationship with the school districts. She argues that employers incorrectly view EAB's order as turning exclusively on the mutuality of commitment issue. Mutuality of commitment is relevant, she argues, as are the quality and quantity of work offered, previous relationships and the certainty of employment. Claimant contends that EAB properly considered that she had worked six out of nine months of the preceding academic year as a part-time college instructor and had taught as a high school substitute for the first time during the spring. Given that, she asserts, EAB correctly considered that the only assurance of employment that she had was for sporadic, substitute work. She also argues that EAB properly based its decision on the totality of her circumstances.

■ An agency must articulate a rational connection between the facts that it finds and the legal conclusions that it draws from them. *See Ross v. Springfield School Dist. No. 19,* 294 Or 357, 370, 657 P2d 188 (1982). In *McCann v. OLCC,* 27 Or App 487, 556 P2d 973 (1976), *rev den* 277 Or 99 (1977), we said:

> "We recognize * * * the difficulty inherent in articulating or systematizing what are sometimes subjective decisions based upon an array of considerations which may not lend themselves to meaningful weighting. Therefore, where decisional factors cannot be set out precisely beforehand, but are set out instead as general criteria, we look to the decision itself for a rational exposition of the facts and the reasoning which leads from the facts to the conclusion. Implicit in those cases is the expectation that we may disagree with the agency's inferences and conclusions, but that we will not overturn them so long as the reasoning is rational, not fallacious." 27 Or App at 495.

■ We conclude that EAB's order fails to provide substantial reasons for its conclusion. Using the totality of the employment relationship test, EAB decided that claimant did not have a reasonable assurance of reemployment and concluded, therefore, that she is eligible for benefits. However, the order does not explain how her not having had a previous relationship with the school districts before spring affects whether claimant had, or did not have, an assurance of reemployment. Neither can we tell without more why EAB concluded that claimant's self-imposed procedural ineligibility to

do substitute teaching (*see* n 5, *supra*) defeats a finding of reasonable assurance.[6] We cannot conduct meaningful judicial review of this order.

Reversed and remanded for reconsideration.

---

[6] We have held that receipt of a notice letter like the notices that claimant received here is reasonable assurance, even if the teacher did not intend to teach the next year. *See Slominski v. Employment Div., supra,* 77 Or App at 147 (discussing *Johnson v. Emp. Div., supra).* We cannot tell from EAB's order how, or if, it was distinguishing those cases.