Argued and submitted November 22, 1991, affirmed June 3, 1992

Janet ARMSTRONG,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION,
Mt. Hood Community College,
Gresham Union High School District
and Reynolds School District,
*Respondents.*

(90-AB-1269; CA A66564)

832 P2d 1233

Margaret S. Olney, Portland, argued the cause for petitioner. With her on the brief was Bennett & Durham, Portland.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David Riewald, Portland, argued the cause for respondent Mt. Hood Community College. With him on the brief was Bullard, Korshoj, et al., Portland.

No appearance for respondents Gresham Union High School District and Reynolds School District.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Claimant, a teacher, seeks review of an order of the Employment Appeals Board (EAB) denying her claim for unemployment compensation benefits for the 1988 summer school recess. In *Mt. Hood Community College v. Employment Div.*, 101 Or App 314, 790 P2d 1164 (1990), we reviewed an earlier EAB decision that had found claimant eligible for those benefits. The facts relevant to this review are the same as before, except that, on remand, EAB reversed itself on a factual finding that was material to its decision.

Claimant was a tutor and part-time instructor at MHCC from 1978 through the winter term of 1988. MHCC had no work for her for the spring term of 1988, so she placed her name on the list of available substitute teachers for the Gresham and Reynolds School Districts; she worked as a substitute teacher for a total of 6 or 7 days. At the end of that term, the Gresham and Reynolds districts each sent her a letter saying that they expected to engage her as a substitute teacher for the 1988-89 academic year. Claimant did not respond to those letters, because she did not intend to return to substitute teaching.

In its previous order allowing the claim, EAB concluded that claimant did not have reasonable assurance that she would be employed by MHCC during the 1988-89 academic year.[1] It also found that she had no reasonable assurance of reemployment as a substitute teacher, because she had had no relationship with the school districts before the spring of 1988 and because she did not register her certificate

---

[1] ORS 657.167(1) provides in part:

"Benefits based on service in an instructional, research or principal administrative capacity for an educational institution or institution of higher education shall be payable to an individual in the same amount, on the same terms and subject to the same conditions as benefits payable on the basis of other service subject to this chapter, except that benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years or, when an agreement provides instead for a similar period between two regular terms whether or not successive or during a period of paid sabbatical leave provided for in the individual's contract and if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any institution in the second of such academic years or terms."

to teach as a substitute in the 1988-89 academic year. Therefore, it concluded, there was no mutual commitment for employment. Employers all petitioned for review, arguing that "mutual commitment is not a prerequisite to the giving of reasonable assurance under the statute or the administrative rule" and that claimant's previous relationship with the school districts and her self-imposed procedural ineligibility to work as a substitute did not support a finding that she had no reasonable assurance of reemployment. 101 Or App at 317. We did not decide whether mutual commitment was necessary to support a finding of reasonable assurance of reemployment, and that issue is not before us now. We reversed and remanded for reconsideration, because we could not review the order due to EAB's failure to explain how its findings related to its conclusion.

On remand, EAB found that, "[i]n the spring of 1988, MHCC informed claimant that she could resume part-time teaching duties in the fall of 1988." It concluded that she therefore had reasonable assurance of returning to work at MHCC and was disqualified from receiving benefits based on that employment. It also found that the letters from the school districts satisfied the criteria for reasonable assurance of reemployment and that she was disqualified from receiving benefits based on that employment.

Claimant assigns error to both conclusions. She argues that EAB abused its discretion by reversing its previous finding in respect to MHCC without explanation and that it should be precluded from changing that finding, because MHCC did not assign error to the contrary finding in the previous review. She also argues that the record does not support a finding that MHCC informed her in the spring of 1988 that she could resume teaching in the fall.

■ Claimant relies on *Washer v. Clatsop Care and Rehab. District*, 98 Or App 232, 778 P2d 987 (1989), for the proposition that EAB's original finding that claimant had no reasonable assurance of reemployment from MHCC became the law of the case. *Washer* was an appeal from a judgment on the plaintiff's claim for payment of expenses that he had incurred as vice chairman of the defendant's Board of Directors before the defendant was formed. It does not apply in this

case. EAB's authority to modify its findings and conclusions is controlled by ORS 657.290(3), which provides, in part:

"The Employment Appeals Board upon its own motion or upon application of any party in interest may in its discretion at any time after the same was made and irrespective of whether it has become final under this chapter, reconsider any previous decision of the Employment Appeals Board. Such reconsideration shall be accomplished by the Employment Appeals Board or special referee designated for the purpose and may include the making of a new decision to the extent necessary and appropriate for the correction of previous error of fact or law."

When we remanded this case for "reconsideration," we did not intend to circumscribe EAB's authority in any way. It had the authority to change its findings and conclusions. *Philomath Forest Products Co. v. Emp. Div.*, 86 Or App 678, 741 P2d 912 (1987).

■     OAR 471-30-075 provides:

"With respect to the application of ORS 657.167, * * * 'reasonable assurance' means a written contract, written notification, or any agreement, express or implied, that the employee will perform services in the same or similar capacity for any educational institution during a subsequent academic year or term or in the period immediately following a recess period."

At the hearing in August, 1988, claimant's supervisor at MHCC testified:

"[L]ast spring [claimant] came up one day—she'd come in I think to get her evaluations from winter term. And she dropped by to see me and I asked her how the job hunting was going. And at that time, I did tell her that if she didn't find anything, to let me know, because I would— * * * I told her to let me know if she did not find a full-time job, because we have open classes, or classes available for her."

The supervisor also testified that,

"[b]ecause [claimant] has worked with Writing 10, and because I know she's an excellent teacher, she wouldn't formally apply. She would just let me know that, yes, she would like them, and I would assign—I would recommend to my dean that she be given them."

Claimant testified that her MHCC supervisor told her in August, a short time before the hearing, that "since fall was always heavy I could be reasonably assured of temporary work through the fall." On that evidence, the referee found that "[c]laimant expects to return to teaching at [MHCC] next fall."[2] On remand, EAB concluded that claimant had reasonable assurance of reemployment at MHCC. The evidence, viewed in the light of claimant's long history of teaching successive terms without written notification of MHCC's intention to reemploy her, provides substantial support for EAB's conclusion that the supervisor had given her reasonable assurance of reemployment for the 1988 fall term.

At oral argument, claimant conceded that, if EAB properly found that she had reasonable assurance of reemployment at MHCC, then she is disqualified from receiving unemployment compensation. We accept that concession and therefore do not need to address the other issues that the parties have raised.

Affirmed.

---

[2] The referee did not explain why claimant's expectation was not based on reasonable assurance.