Argued October 5, affirmed November 26, 1976

# CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, *Appellant,*

*v.*

# DEPARTMENT OF REVENUE, *Respondent.*

(Or Tax Ct 931, S Ct 24401)

556 P2d 685

*James H. Bean,* Portland, argued the cause for appellant. With him on the brief were Lindsay, Nahstoll, Hart & Krause, Portland.

*Alfred B. Thomas,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

TONGUE, J.

## TONGUE, J.

This is an appeal from a decision by the Tax Court that a 540-acre farm owned and operated by plaintiff in Marion County is not entitled to exemption from ad valorem property taxation under ORS 307.130(1)[1] and 307.140(1)[2] as property of a religious and charitable organization.

Plaintiff contends that "there is no evidence in the record which supports the Tax Court's conclusion that plaintiff's farm property 'must be recognized as a commercial activity, subject to property taxation' "; that, to the contrary, the evidence is "uncontroverted" that the property was used primarily for the charitable and religious purposes of the church and that the mere fact that incidental profits were derived does not deprive this property of tax exemption.

In making that contention plaintiff says that:

> "Plaintiff does not rely on the 'destination of income' rule (which it concedes is not the current rule in Oregon), but rather, plaintiff contends that its property is entitled to exemption because it is solely and exclusively used for direct charitable and religious purposes—care for the poor and needy and the advancement of religious precepts. * * *"

Despite this statement, we believe that plaintiff's claim for exemption cannot be sustained on any theory other than that income producing property which

---

[1] ORS 307.130(1) provides for the following exemption from taxation:

"Except as provided in ORS 748.545, only such real or personal property, or proportion thereof, as is actually and exclusively occupied or used in the literary, benevolent, charitable or scientific work carried on by such institutions."

[2] ORS 307.140(1) provides for the following exemption:

"All houses of public worship and other additional buildings and property used solely for administration, education, literary, benevolent, charitable, entertainment and recreational purposes by religious organizations, the lots on which they are situated, and the pews, slips and furniture therein. However, any part of any house of public worship or other additional buildings or property which is kept or used as a store or shop or for any purpose other than those stated in this section shall be assessed and taxed the same as other taxable property."

would otherwise be subject to ad valorem property taxation is exempt from such taxation by reason of ORS 307.130(1) and 307.140(1) if the property is owned by a religious or charitable organization and if the income from the property is used exclusively for religious or charitable purposes. This court, as well as many other courts, has rejected that "destination of income" theory. *See, e.g., Mult. School of Bible v. Mult. Co.,* 218 Or 19, 39-42, 343 P2d 893 (1959); *Bd. Pub., Meth. Church v. Tax Com.,* 239 Or 65, 69-74, 396 P2d 212 (1964); and *U. of O. Co-Oper. v. Dept. of Rev.,* 273 Or 539, 549, 542 P2d 900 (1975).

Plaintiff relies upon a statement in *YMCA v. Dept. of Rev.,* 268 Or 633, 635, 522 P2d 464 (1974), to the effect that property owned by a charity may be exempt "if the activity undertaken on the property substantially contributes to the furtherance of the charity's goals." That statement, however, must be read in the context of that case, in which no reference was made to prior decisions rejecting the "destination of income" theory. Those decisions have not been overruled by this court.

After reviewing the record, we agree with the decision by the Tax Court. It would serve no useful purpose to repeat either the statement of facts or the discussion and reasoning of the Tax Court, as set forth in that decision. *See* 6 OTR 268 (1975). As stated by the Tax Court, "if the provisions of ORS 307.130 and 307.140 are to be enlarged by acceptance of the destination-of-income rule, the legislature must act."

The judgment of the Tax Court is affirmed.