Submitted March 9, reversed August 20, 1979

# MALLON,
*Petitioner,*
*v.*
# EMPLOYMENT DIVISION,
*Respondent.*

## (No. 78-AB-930, CA 12498)

599 P2d 1164

Michael H. Mallon, Newport, filed the brief pro se for petitioner.

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Karen H. Green, Assistant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Tanzer, Richardson, and Roberts, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

Petitioner appeals a decision of the Employment Appeals Board which affirmed the Employment Division referee's decision disqualifying him from receiving unemployment benefits. The facts are not in dispute. The issue is whether the referee and the Appeals Board properly construed ORS 657.167.

During the 1977-78 academic year, petitioner was employed as a part-time mathematics instructor for Linn-Benton Community College (Linn-Benton). He taught one class two evenings a week. During the academic year he was also employed full time as a research assistant at Oregon State University (OSU). At the end of the 1977-78 school year petitioner understood that he would return the next year to teach part-time at Linn-Benton, however, the research position at OSU terminated at the end of the 1977-78 term. Petitioner filed a claim for unemployment benefits for the summer recess from June 11, 1978 through August 26, 1978.

The referee and the Appeals Board concluded that under ORS 657.167 petitioner was not entitled to benefits based on either his employment at OSU or Linn-Benton because he had reasonable assurance that he would return to his employment at Linn-Benton.

ORS 657.167 provides in relevant part:

"(1) Benefits based on service in an instructional, research or principal administrative capacity for a school, college, university or other educational institution shall be payable * * * except that benefits shall not be paid * * * for * * * [unemployment] during the period between two regular terms * * * if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms. * * *"

[481]

The Division argues that the statute clearly provides by its terms that benefits based on instructional, research or administrative services performed for an educational institution shall not be paid for a recess between academic terms if the individual performed instructional, research or administrative services in the first term and has a reasonable assurance that he will perform any of these services for any educational institution in the succeeding term.

Petitioner's apparent contention is that he should be disqualified only from benefits based on the services he has reasonable assurance will continue, and that because he has no reasonable assurance his research services performed for OSU will continue the next succeeding term, he is entitled to benefits based on that service.

ORS 657.167 was amended in 1977. Prior to the amendment the statute provided that benefits would be denied for the recess period only if the claimant had a contract to return to the instructional, research or administrative employment with an institution for which he had performed such services during the previous term. The 1977 legislature amended the statute by enactment of HB 2131. During the hearings on the bill before the House Labor Committee, a committee member asked about the amendment's effect on the problems faced by community colleges who employed part-time instructors. He asked how the law would apply to the situation where an individual was teaching at a community college as a purely sideline job and was employed elsewhere as a salesman. A witness from the United States Department of Labor testified that if the person was unemployed from both jobs during the summer recess and had a reasonable assurance of returning to the part-time teaching job, he would be disqualified from only those benefits based on the part-time teaching job, but would be entitled to benefits based on the employment as a salesman. Minutes, House Labor Committee, March 14, 1977, p 2.

Although the testimony of a witness before a legislative committee should be cautiously used in determining legislative intent, it is some indication of the legislation's purpose. The testimony of the witness respecting this legislation indicates a purpose not to disqualify a person from all benefits if that person was reasonably assured of returning only to part-time employment in an educational institution. Although it is not entirely clear that the witness' answer to the hypothetical question posed would have been the same had the hypothetical employee had his full-time and part-time employment in educational institutions, the rationale would indicate the same result. The rationale of the witness' statement appears to be that disqualification relates to the quantity of service, i.e., full time or part-time, as well as the type of service that an individual has a reasonable assurance will continue in the succeeding term.

■ In construing a statute we must keep in mind the general purpose of the statutory plan. The unemployment law was enacted to provide a source of substitute income for any eligible unemployed person unless that person is disqualified. The disqualifying language should be read with that purpose in mind and we should eschew narrow interpretations which would disqualify otherwise eligible unemployed persons.

ORS 657.167 provides unemployed persons in the academic community are entitled to benefits in the same amount and under the same conditions as other unemployed persons unless disqualified because their employment will continue in the succeeding academic term. It is doubtful that the legislature intended to disqualify a person employed full time in an education institution when that person is assured of returning to a sideline job in an educational institution.

■ The interpretration proffered by the Employment Division is based on a literal reading of the statute. It is conceded by the Division in its brief that this interpretation creates a harsh result for petitioner.

[483]

But the Division argues that alleviation of the hardship must be accomplished by the legislature. In construing a statute we are mindful that we have no authority to amend a statute by interpretation simply to accomplish a desired result. However, in determining the meaning of the words used we can properly consider the legislative purpose and construe the language to reasonably accomplish this purpose. We may also presume the legislature did not intend the harsh results that a literal application of the statutory terms would seem to require.

We conclude that the statutory phrase, "a reasonable assurance that such individual will perform services in any such capacity," means he is assured he will perform any one of the three named types of services in the same or similar quantity respecting full time or part-time services as performed during the preceeding academic term. Applying that construction to the facts of this controversy, petitioner is entitled to benefits based on the service he has no assurance will continue. Because his full time work at OSU will not continue he is entitled to benefits based on that service. He is disqualified from benefits based on the part-time service which will continue the next term.[1]

Reversed.

---

[1] This interpretation is not inconsistent with OAR 471-30-075, adopted by the Employment Division:

"With respect to the application of ORS 657.167 and ORS 657.221, 'reasonable assurance' means a written contract, written notification, or any agreement, express or implied, that the employee will perform services in the same or similar capacity for any educational institution during a subsequent academic year or term or in the period immediately following a recess period."

Under *McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979), we consider the question one of law for the court.