PATRICIA WHITLEY, Plaintiff-Appellant, *v.* BOARD OF REVIEW, Illinois Department of Labor, *et al.*, Defendants-Appellees.

Fifth District No. 82—299

Opinion filed July 6, 1983.

Jack Ver Steegh, of Land of Lincoln Legal Assistance Foundation, Inc., of East St. Louis, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (Georgene M. Wilson, Assistant Attorney General, of counsel), for appellees.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

Patricia Whitley appeals from a judgment of the circuit court of St. Clair County which on administrative review affirmed a decision of the Department of Labor Board of Review which denied her unemployment insurance benefits. The plaintiff contends that she is not ineligible for benefits under section 612 of the Unemployment Insurance Act (hereinafter referred to as the Act) (Ill. Rev. Stat. 1981, ch. 48, par. 442).

On July 8, 1981, a hearing was held before the referee. Whitley was the only witness and the employer, Lebanon High School, did not appear. Whitley testified that from November 17, 1980, until June 3, 1981, she was the Work Experience Career Education Program (WECEP) coordinator for the employer. Pursuant to her contract, she worked for six months for $4,800. Her work day consisted of four hours in the classroom and the rest of the day looking for work for the students. She also worked as a substitute teacher if the employer could not find someone else to act as a substitute. On June 3, the school year ended and the WECEP coordinator's position was eliminated for the following year. Whitley testified that she did not sign up for the next year's substitute list because months might pass between calls for work and she needed full-time employment. Whitley further testified that the employer did not indicate whether she would be hired for the coming school year but told her that she would be called if the employer needed her and if she did not have another job. The employer also gave her a letter of recommendation.

The referee found that the plaintiff had been gainfully employed by an academic institution during the 1980-1981 school year, that she

is currently unemployed because the school is on vacation between academic years, and that the plaintiff had a reasonable assurance of being employed as a substitute teacher during the 1981-1982 academic year, as she was in the past. The referee concluded that the plaintiff was therefore ineligible for unemployment benefits for the period from June 7, 1981, through June 20, 1981, under section 612 of the Act. The Board of Review affirmed the decision of the referee. Petitioner filed a complaint for administrative review in the circuit court and that court affirmed the decision of the Board of Review.

■ On appeal, the plaintiff contends that section 612 of the Act did not disqualify her from receiving benefits. The findings and conclusions of an administrative agency on questions of fact are considered to be *prima facie* true and correct. (Ill. Rev. Stat. 1981, ch. 110, par. 3—110.) This standard has been construed to mean that an administrative agency's decision on a matter of fact will not be reversed unless it is against the manifest weight of the evidence. (See, *e.g., Foege v. Edgar* (1982), 110 Ill. App. 3d 190, 196, 441 N.E.2d 1267.) Concerning matters of law, a court is not formally bound by administrative decisions interpreting the legal effect of statutory language, but it will give the administrative agency's conclusion great weight in the court's own construction of the statute. *Ranquist v. Stackler* (1977), 55 Ill. App. 3d 545, 550, 370 N.E.2d 1198.

■■ Section 612(B)(2) of the Act states:

"An individual shall be ineligible for benefits, on the basis of wages for service in employment in any capacity other than those referred to in paragraph 1, performed for an educational institution (other than an institution of higher education), for any week which begins after December 31, 1977, during a period between two successive academic years or terms, if the individual performed such service in the first of such academic years or terms and there is a reasonable assurance that the individual will perform such service in the second of such academic years or terms." (Ill. Rev. Stat. 1981, ch. 48, par. 442(B)(2).)

Section 800.657 of the Department of Labor Rules provides that:

"The claimant employed by an educational institution must establish by a preponderance of the evidence that he no longer possesses a reasonable assurance of continued employment in order to be eligible for benefits ***. Such evidence may include a written notice of dismissal from the employer or such other evidence which tends to show that the presumption provided by 56 Ill. Adm. Code 800.656 is without basis. In the event, how-

ever, that the educational institution files a protest to the claim and gives additional assurance that the claimant will *continue to be employed in the same or substantially the same capacity* during the next academic year or term, then the presumption of reasonable assurance of continued employment remains in effect unless and until it fails entirely when the educational institution either gives a definite notice of termination or does not receive him back to work, whichever comes first." (Emphasis added.)

Whitley's unrebutted testimony was that months could lapse between substitute calls. In 1980-1981, while she did perform some substitute work, her primary job was career counseling for over four hours per day, five days per week. We cannot equate the prospect of occasional substitute work with the full-time, daily, counseling work. Although she did substitute occasionally, that fact is not relevant to a determination of her eligibility for benefits due to her counseling work as these were essentially two separate jobs. Whitley did receive a definite notice of termination concerning the counseling work and thus, there is no "reasonable assurance" that Whitley would "continue to be employed in the same or substantially the same capacity" in the following academic year. Rather, the opposite conclusion is readily apparent, and the Board of Review's decision is accordingly against the manifest weight of the evidence. See *Comm v. Goodman* (1972), 6 Ill. App. 3d 847, 853, 286 N.E.2d 758.

This conclusion is bolstered by an examination of cases from other jurisdictions. In *Sulat v. Board of Review* (1980), 176 N.J. Super. 584, 424 A.2d 451, the court construed a New Jersey statute similar to section 612(B)(2). The court observed that "[c]laimant here lost full-time employment; she should not be denied unemployment benefits because the school board relegated her to the uncertain status of a day-to-day substitute against her will, despite her clearly expressed desire to find full-time employment in education or, if necessary, elsewhere in the economy. This case is in vivid contrast to the many cases standing for the proposition that a substitute teacher has a disqualifying 'reasonable assurance' of employment if substitute teaching will be available in the succeeding year. See *** *Milkowski v. Illinois Department of Labor, etc.* [(1980), 82 Ill. App. 3d 220, 402 N.E.2d 646] ***." (176 N.J. Super. 584, 589, 424 A.2d 451, 453.) The court concluded "that 'services in any *such* capacity,' in the circumstances, contemplates continuation of full-time services under an annual contract, not an offer of eligibility for day-to-day substitute services." 176 N.J. Super. 584, 589, 424 A.2d 451, 454.

The Oregon Court of Appeals reached a similar conclusion in *Mallon v. Employment Division* (1979), 41 Or. App. 479, 599 P.2d 1164. Mallon worked at two different educational institutions in two different capacities. One position was as a full-time research assistant and the second job was as a part-time instructor. The full-time position terminated while the part-time position continued for the succeeding year. The court utilized legislative history to determine that the Oregon legislature intended that "disqualification [from benefits] relates to the quantity of service, *i.e.*, full-time or part-time, as well as the type of service that an individual has a reasonable assurance will continue in the succeeding term." (41 Or. App. 479, 483, 599 P.2d 1164, 1166.) The court held that because his full-time work "will not continue he is entitled to benefits *based on that service.*" 41 Or. App. 479, 484, 599 P.2d 1164, 1167.

The instant case is distinguishable from *Milkowski v. Illinois Department of Labor* (1980), 82 Ill. App. 3d 220, on which defendants rely. *Milkowski* was decided under title II of the Emergency Jobs and Unemployment Assistance Act of 1974, 26 U.S.C. sec. 3304 (1976), rather than the Act. In *Milkowski*, the plaintiff testified that he had been a full-time teacher from October of 1974 until September of 1976. In June of 1976 his employer changed his position to that of a day-to-day substitute teacher as of the following September. As a day-to-day substitute teacher, he would teach at whatever school he was sent to on that particular day. The appellate court held that under the Emergency Jobs and Unemployment Assistance Act of 1974 benefits were unavailable where the teacher had a reasonable expectation of employment. (82 Ill. App. 3d 220, 224.) The court reasoned that since Milkowski had not resigned, retired, or been terminated, he had a reasonable assurance of an assignment as a day-to-day substitute when school resumed. In the case at bar, there is no dispute that plaintiff's position had been terminated due to lack of funding and she, therefore, had no reasonable assurance of similar employment the following fall. Further, Milkowski's testimony indicated that the day-to-day substitute was essentially a full-time position, while Whitley's testimony in the instant case indicated that the substitute teachers list led to irregular employment.

The defendant also relies on *Gaeta v. Ross* (1980), 78 App. Div. 2d 742, 432 N.Y.S.2d 728, which we find inapposite to the instant case. Gaeta was employed as a regular substitute teacher from November 7, 1977, until June 23, 1978. On June 1, 1978, Gaeta was given a written notification by her employer that her service as a substitute would be terminated as of June 30, 1978. A subsequent letter dated June 7,

1978, advised her that she could "be reasonably assured of a position as a substitute teacher with the District" for the next school year. Gaeta applied for unemployment benefits which were denied by the New York Unemployment Insurance Appeal Board. The court affirmed the decision of the board. Gaeta, unlike Whitley, had received a "reasonable assurance" of employment for the same type of work which she had performed the previous year. We therefore find the case distinguishable from the case at bar.

The defendants finally contend that the plaintiff was not a credible witness, because she attempted to evade the referee's question whether she was on the substitute teachers list. Neither the referee nor the Board of Review found that plaintiff was not a credible witness, nor does a review of the transcript establish that she was not a credible witness.

For the foregoing reasons, the judgment of the circuit court denying plaintiff unemployment benefits is reversed and the cause is remanded to the Department of Labor Board of Review for further proceedings not inconsistent with this opinion.

Reversed and remanded.

WELCH and KASSERMAN, JJ., concur.