Argued and submitted August 31, reversed and remanded for reconsideration December 23, 1987

## EMPLOYMENT DIVISION,
*Petitioner,*

*v.*

## DE LEON,
*Respondent.*

(86-AB-1535; CA A42376)

747 P2d 1000

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The Employment Division seeks review of a decision of the Employment Appeals Board (EAB) which overruled the referee's decision and awarded benefits to claimant. At issue is whether a substitute teacher who was employed on an on-call basis at several school districts in one year, but who received adequate assurances of reemployment from only some of these school districts for the following year, may receive unemployment compensation during the summer recess. We hold that EAB has misconstrued ORS 657.167 and remand for reconsideration.

Claimant is a substitute teacher who works on an on-call basis for several Jackson County school districts. During the 1985-86 school year, she worked in that capacity for the Medford School District, the Phoenix School District, the Central Point School District and the Jackson Educational Service District. She was also listed on the substitute teacher roster at the Ashland School District, but apparently did not perform any work for it in that academic year. In May, 1986, the Medford and Phoenix districts notified claimant that she would be retained on their substitute rosters in the fall of 1986, and she informed them of her acceptance. By letter dated August 7, 1986, the Jackson ESD notified claimant that she was eligible to be included on its substitute teacher list for the 1986-87 school year. No notification was sent by the Ashland or Central Point Districts.

ORS 657.167 (1) provides, in part:

> "Benefits based on service in an instructional, research or principal administrative capacity for an educational institution * * * shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years * * * if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services *in any such capacity for any institution* in the second of such academic years or terms." (Emphasis supplied.)

That statute has been interpreted to preclude the payment of benefits if a part-time substitute has worked for an educational institution on an on-call basis during one academic year and has received reasonable assurance of reemployment on a

similar basis for the following year. *Slominski v. Employment Div.,* 77 Or App 142, 711 P2d 215 (1985); *Johnson v. Emp. Div.,* 59 Or App 626, 651 P2d 1365 (1982). In the present case, EAB found that claimant had received adequate assurances of reemployment from the Medford and Phoenix School Districts. It found that she had not received adequate assurance from Jackson ESD and the remaining school districts and awarded benefits based on employment in those districts.

Division's first two assignments of error relate to EAB's conclusion that claimant was entitled to benefits based on her work at Jackson ESD. It argues that EAB erred in making this finding:

> "(5) [Claimant] had never worked as a substitute teacher for Jackson during the regular school year in any of these six years."

We agree with Division. The hearing transcript contains claimant's unrebutted testimony that she worked for Jackson ESD in 1985-86. The finding is not supported by substantial evidence.

In addition, Division argues that EAB erred in finding that claimant did not have adequate assurance of reemployment by Jackson. EAB's written opinion includes this:

> "[Claimant] had not worked in any preceding school year as a substitute. The letter sent from Jackson is more in the form of soliciting possible substitutes who have not previously served in that capacity rather than written notification. This case is distinguishable from *Johnson* as claimant had worked only during the summer months under contract and there is no showing she had previously been on the substitute teacher list."

In our view, if claimant worked as a substitute the previous year for Jackson ESD, the letter complies with the criteria for reasonable assurance of reemployment contained in OAR 471-30-075.[1] As we indicated in *Friedlander v. Employment*

---

[1] OAR 471-30-075 defines "reasonable assurance":

"With respect to the application of ORS 657.167 and ORS 657.221, 'reasonable assurance' means a written contract, written notification, or any agreement, express or implied, that the employe will perform services in the same or similar capacity for any educational institution during a subsequent academic year or term in the period immediately following a recess period."

*Division,* 66 Or App 546, 553, 676 P2d 314 (1984), we look to the totality of the employment relationship in determining whether reasonable assurance has been given. Here, Jackson ESD had employed claimant for six summers as a teacher in a special migrant education program in addition to her substitute work in 1985-86. The letter contains information regarding payment procedures and invites claimant to submit a "Substitute Teacher Information" form.[2] It appears that EAB interpreted the letter in the light of its finding that claimant had not worked as a substitute for Jackson ESD the previous academic year.

Finally, Division maintains that EAB erred in awarding claimant any unemployment benefits. EAB's opinion contained this discussion of ORS 657.167 and our decision in *Mallon v. Emp. Div.,* 41 Or App 479, 599 P2d 1164 (1979):

> "On cross examination the Employment Division witness testified that having assurance from *any* of the schools is sufficient to invoke ORS 657.167 as to all the schools involved. Although the referee did not specifically address this issue, he appears to have agreed. In *Johnson* the Court cited *Mallon v. Emp. Div.,* 41 Or App 479, 599 P2d 1164 (1979), regarding the phrase *any educational institution* which appears in the statute. In *Mallon,* the Court acknowledged that the Division's decision was consistent with a literal reading of the statute but chose to 'eschew narrow interpretations' of the statute in order to avoid a harsh result which it presumed the legislature did not intend. *Mallon* was not overturned as urged by the Division. In light of the fact that the Court has, at least twice, examined the *any educational institution* clause and refused

---

[2] Jackson ESD's letter stated:

"We are again in the process of formulting a list of substitute teachers for the 1986-87 school year. If you are interested in substituting, please fill out the enclosed 'Substitute Teacher Information' form, and return it to me.

"Teachers will be responsible for contacting me prior to 6:30 a.m. on the day they will be absent. I will arrange for a substitute teacher as soon as I am notified of the absence.

"Jan Hoggatt will provide backup for me when I am out of the office. She can be reached at either my number, 776-8550, or at 776-8546.

"Substitute teachers will not be responsible for filling out time sheets; this will be taken care of by this office. Payday is the 20th of each month, and the cut-off date is the 5th of each month.

"If you have any questions regarding substituting, please don't hesitate to give me a call.

*"PLEASE RETURN ENCLOSED FORM NO LATER THAN AUGUST 20"*

to apply it literally, we shall not do so. The result of this is that the claimant is not subject to denial of benefits based on wage credits earned from educational institutions based solely upon reasonable assurance from one of the many schools involved." (Emphasis EAB's.)

EAB's analysis is deficient, because it does not apply the test that we developed for determining whether an individual has received reasonable assurance of reemployment in a *similar capacity* pursuant to ORS 657.167. That test requires that a claimant be assured that she will perform any one of three named types of service in the same or similar quantity of full and part-time service performed during the preceding academic term. In *Mallon,* the claimant had a contract to perform the same type of service in the next academic year but would have suffered an 81 percent reduction in the quantity of service. The claimant's situation in *Mallon* had effectively been reduced from assured full-time employment to assured part-time employment.

By contrast, an on-call substitute teacher is provided no guarantees that she will have any quantity of work from one year to the next. As we noted in *Slominiski v. Employment Division, supra:*

"The nature of substitute teaching is that the teacher does not know before the beginning of the school year how many days he actually will work. Despite that uncertainty as to the quantity of work, substitute teaching in both the year preceding and the year succeeding a summer recess will disqualify a teacher from benefits during the recess." 77 Or App at 146.

In the present case, the fact that claimant received adequate assurances of remaining on the substitute teaching rolls at only three of the five school districts for which she had worked in 1985-86 does not necessarily mean that she will work any fewer days in 1986-87. Indeed, even assurances from other districts would not assure claimant of working any greater or fewer number of days in 1986-87. What claimant has is reasonable assurance of substitute teaching work from three districts, which might yield some days of actual work. EAB has misconstrued ORS 657.167 and our holding in *Mallon* by equating a reduction in the number of claimant's potential employers with an assured reduction in the quantity of work.

Reversed and remanded for reconsideration.