Submitted on record and briefs August 21, 1987, reversed and referee's order reinstated April 20, 1988

# EMPLOYMENT DIVISION et al,
*Petitioners,*

*v.*

# EPSTEIN,
*Respondent.*

## (86-AB-1546; CA A42381)
752 P2d 1295

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Charlene Woods, Assistant Attorney

General, Salem, filed the brief for petitioner Employment Division. Ronald W. Stone, McMinnville, for petitioner Linfield College joined on the brief of petitioner Employment Division.

Samuel I. Epstein, Forest Grove, filed the brief *pro se* for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Employment Division and employer, Linfield College, seek review of a decision of the Employment Appeals Board that reversed the referee's decision and awarded unemployment benefits to claimant for the summer academic recess. At issue is whether claimant had a "reasonable assurance" of employment, as provided in ORS 657.167, which would disqualify him from receiving benefits. We reverse and reinstate the referee's order denying claimant benefits.

Claimant taught physics and mathematics at Linfield College during the 1985-86 academic year. On June 4, 1986, Linfield offered claimant a full-time position for 1986-87. He had some reservations about the offer and did not immediately accept it, because it required him to teach courses in astronomy and engineering, as well as in physics and math. Linfield and claimant began on-going negotiations to modify the course list to suit claimant. On June 16, as negotiations continued, claimant filed a claim for unemployment benefits for the summer recess. On June 19, before claimant had reached an agreement with Linfield, Pacific University offered him a full-time position for the 1986-87 academic year, which he accepted on June 26. The referee denied benefits. EAB reversed, reasoning that claimant did not have a reasonable assurance of reemployment and that claimant's contract with Pacific University did not disqualify him from receiving benefits.

ORS 657.167(1) provides, in part:

"Benefits based on service in an instructional, research or principal administrative capacity for an educational institution * * * shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years * * * if such individual performs such service in the first of such academic years or terms and if there is a contract or a *reasonable assurance* that such individual will perform services *in any such capacity for any institution* in the second of such academic years or terms." (Emphasis supplied.)

OAR 471-30-075 defines "reasonable assurance":

"With respect to the application of ORS 657.167, * * *

'reasonable assurance' means a written contract, written notification, or any agreement, express or implied, that the employe will perform services in the same or similar capacity for any educational institution during a subsequent academic year * * *."

■ Petitioner first assigns error to EAB's determination that claimant did not have a "reasonable assurance" of employment. Relying on *Friedlander v. Employment Division*, 66 Or App 546, 552, 676 P2d 314 (1984), EAB held that a claimant and an employer must have reached an agreement for reemployment. EAB reasoned that, because claimant was negotiating with Linfield regarding the terms of the contract and an agreement had not yet been reached, there was no mutual commitment or assurance and, therefore, no reasonable assurance of reemployment, as required by the statute. *Friedlander* does not require that claimant and Linfield have come to terms on all employment conditions or contract terms before claimant had reasonable assurance of reemployment; it requires that the totality of the employment relationship be examined. *See Slominski v. Employment Div.*, 77 Or App 142, 711 P2d 215 (1985).

■ We hold that claimant did have a reasonable assurance of reemployment. He received an offer of employment similar to his contract of 1985-86. Although he had reservations about some of the courses he was to teach, Linfield was attempting to accommodate his concerns. He had not rejected the offer. Rather, he was negotiating to arrange a more acceptable course load. EAB erred in reversing the order of the referee on this basis.

■ Petitioner's second assignment of error is EAB's holding that benefits should not be denied on the basis of claimant's contract with Pacific University. ORS 657.167(1) provides for the denial of benefits when there is

"a contract or a reasonable assurance that such individual will perform services * * * for *any institution* in the second of such academic years or terms." (Emphasis supplied.)

EAB concluded, based on *Mallon v. Emp. Div.*, 41 Or App 479, 599 P2d 1164 (1979), that a claimant must have reasonable assurance of reemployment at the same educational institution. EAB's reliance on *Mallon* is misplaced; it does not compel such a conclusion nor is that interpretation consistent

with the plain language or purpose of the statute. At issue in *Mallon* was whether the claimant, who had lost a full-time job with Oregon State University, but not a *part-time* job with Linn-Benton Community College, should be denied all benefits for the summer recess, because he did have reasonable assurance that he could return to his part-time position with Linn-Benton in the fall. We reasoned that a literal reading of ORS 657.167(1) would mean that, even though he had lost his full-time job, the assurance of the part-time job constituted a reasonable assurance of return to service at any educational institution, disqualifying him for benefits. We did not conclude that the statute should be interpreted to require that reemployment be with the same educational institution, but that the reemployment involve the performance of services in "the same or similar quantity" as performed during the preceding academic term. *Mallon v. Emp. Div., supra,* 41 Or App at 484.

In this case, on June 26, claimant accepted an offer from Pacific University to perform a similar type and quantity of service for the 1987-88 academic year as he had performed the previous year. Those facts fall within the disqualifying language of ORS 657.167(1). Claimant did have a reasonable assurance of reemployment at an educational institution. Accordingly, EAB should have denied the claim for benefits for the weeks following June 26.

Reversed; referee's order reinstated.