Argued and submitted November 14, 1988, affirmed; damages judgment imposed
against appellant January 11, 1989

JUNCK et ux,
*Respondents,*

*v.*

WRIGHT,
*Appellant.*

(84-1885-L; CA A47601)

767 P2d 100

Donald H. Coulter, Grants Pass, argued the cause for appellant. With him on the brief was Myrick, Coulter, Seagraves, Myrick, Adams & Davis, Grants Pass.

Garrison F. Turner, Ashland, argued the cause for respondents. With him on the brief was Frohnmayer, Deatherage, deSchweinitz, Pratt & Jamieson, P.C., Medford.

Before Warden, Presiding Judge pro tempore, and Graber and Riggs, Judges.

GRABER, J.

## GRABER, J.

Defendant appeals a judgment for plaintiffs in this breach of contract action. We affirm and assess a penalty under ORS 19.160.[1]

On November 16, 1984, plaintiffs filed their complaint, in which they alleged that they had paid defendant $100,392.90 for 14 Suffolk sheep and that defendant had failed to deliver any sheep. Plaintiffs further pleaded their entitlement to interest and to attorney fees under the parties' written agreement.[2] On August 5, 1985, the court entered a default order, because defendant had not appeared, despite proper service. Defendant then hired an attorney and moved to set aside the default order. On January 7, 1986, the court granted the motion, allowed defendant to file an answer, and ordered him to stay in contact with the attorney. On the same date, defendant filed an answer and counterclaim, to which plaintiffs filed a reply.

On March 11, 1987, the attorney notified defendant that the court had set the case for trial on October 27, 1987. In July, he sent defendant a letter warning that he intended to withdraw as counsel, because of lack of cooperation. Defendant had, for example, failed to appear for his deposition on July 3, although plaintiffs had served a notice of deposition. The attorney advised defendant to retain another lawyer. On July 30, 1987, he sought leave to withdraw as defendant's attorney. The court denied the motion. The attorney continued to solicit defendant's aid in preparing a defense but received no response.

The attorney appeared on October 27, 1987, the date set for trial, but defendant did not. The attorney explained:

"I'm ready to proceed, Your Honor, but the Defendant is not here. I haven't been able to locate him anywhere in the building, and I haven't heard from him for some time. And I

---

[1] ORS 19.160 provides:

"Whenever a judgment or decree is affirmed on appeal, and it is for recovery of money, or personal property or the value thereof, the judgment or decree shall be given for 10 percent of the amount thereof, for damages for the delay, unless it appears evident to the appellate court that there was probable cause for taking the appeal."

[2] Plaintiffs also stated an alternative theory of fraud.

suspect that he will not appear. I sent a number of letters to him with no response from any of them. To any of them. I know they haven't been returned, so I'm assuming that they have been received. I know that he was aware of the trial date. We have both looked through the building, and I have not been able to find him."

The trial court noted the attorney's earlier, unsuccessful motion to withdraw as counsel and stated that the court would probably look favorably on a renewed motion. The attorney orally renewed the motion on the basis of lack of communication from his client:

"I think it would be rather a pointless gesture to go through the trial under these circumstances, because I can't even represent [to the court] that I have had a communication from [defendant] indicating that he wanted me to go ahead and have the trial, and that he was unable to get here for some reason."

The court granted the motion, and the attorney left. Plaintiffs waived a jury and also further reporting of the proceedings. After the trial, the court found that defendant had breached the contract and awarded plaintiffs $100,392.90, plus nine percent interest from September 18, 1981, until paid, and attorney fees of $4,940. The court also dismissed the counterclaim with prejudice. Judgment was entered accordingly on December 4, 1987.

On December 9, 1987, through a different attorney, defendant filed a motion for a new trial. He argued that it was error for the trial court to suggest to the former attorney, at the time of trial, that he renew his motion to withdraw as counsel and for the court to permit the withdrawal. He also argued that the absence of a record made the evidence insufficient to support the judgment. Simultaneously, defendant filed a motion to set aside the judgment under ORCP 71, asserting that the judgment had been entered against him "through his mistake, inadvertence, surprise or excusable neglect." The trial court denied both motions. Defendant then appealed.

Defendant makes five arguments on appeal: (1) The trial court deprived defendant of his constitutional and statutory right to a jury trial, because he did not expressly waive a jury. (2) By allowing counsel to withdraw, the court deprived

defendant of his "federally guaranteed right to due process of law" and of his right to be represented by counsel. (3) The trial court abused its discretion in suggesting and then permitting the withdrawal of defendant's attorney. (4) It was error for the trial court to proceed without granting a continuance and without requiring a record to be made. (5) In the absence of a record, there is no evidence to support the judgment.

The first two contentions are made for the first time on appeal. We therefore decline to address them. ORAP 7.19(5). With respect to withdrawal of counsel, the trial court did not abuse its discretion. The record discloses "good and sufficient cause" for the court's order terminating the attorney-client relationship. ORS 9.380(2). Defendant concedes that he "was not cooperative in pre-trial processing, and that he failed to stay in mailed [*sic*] or phone communication with his own attorney." He also admits that he "was guilty of prior procedural transgressions."

For the same reasons, the court did not err in proceeding with the trial, instead of granting a continuance on its own motion, and in not requiring that the proceeding be reported. By failing to appear, let alone object, at trial, defendant waived those points. Similarly, he cannot argue that the record is insufficient to support the verdict when the failure to arrange for reporting the trial resulted from his own lack of diligence. The court had no duty to try the case for either party. Like any litigant in a civil case, defendant had a responsibility to keep abreast of his own affairs. *See Smith and Smith,* 65 Or App 309, 312, 671 P2d 768 (1983). He cannot simply fail to attend and later complain about the outcome.

Pursuant to ORS 19.160, we assess a ten percent penalty, because the judgment, which we affirm, is for the recovery of money, and defendant had no probable cause for taking this appeal. *Broyles v. Brown,* 295 Or 795, 671 P2d 94 (1983).

Affirmed; judgment of $10,039.29 imposed against appellant as damages pursuant to ORS 19.160.