# IN THE OREGON TAX COURT

## KIWANIS CLUB OF LINCOLN CITY,
### a nonprofit corporation
*v.*
## DEPARTMENT OF REVENUE
### (TC 3240)

Charles W. King, Lincoln City, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered October 23, 1992.

**CARL N. BYERS, Judge.**

This matter is before the court on Cross Motions for Summary Judgment. The parties stipulated the facts.

Plaintiff is an Oregon nonprofit corporation.[1] Plaintiff owns real property located in Lincoln City, which is the

---

[1] The parties attached copies of the Articles of Incorporation and Bylaws. There is some question whether plaintiff qualifies as a charitable organization within the meaning of OAR 150-307.130-(A)(1). Since defendant decided this case on other

site of its "Kiwanis Thrift Store." The store deals exclusively in donated merchandise. Although most of the merchandise is sold to the general public, a small amount is given to the needy. Usable merchandise that cannot be sold is given to charity. Most of the staff are paid employees. However, one person works as a volunteer on a part-time basis and plaintiff's members volunteer to handle the cash register. Income from the Thrift Store is kept separate from plaintiff's other funds. Roughly one-third of the income is used to pay employees' salaries, utilities and other expenses of operation. The remainder of the store income is donated to a variety of charities.

In 1986, the Lincoln County Assessor granted an exemption for the store property under ORS 307.130. On May 15, 1991, the assessor notified plaintiff that the exemption was in error and that the property would be placed on the tax roll beginning with the 1991-92 tax year. Plaintiff appealed to defendant. In Opinion and Order No. 91-6161, plaintiff then appealed to this court. Defendant affirmed the assessor's action.

The issue raised by the motions is whether plaintiff's property qualifies for exemption by virtue of its use.

ORS 307.130(1) provides:

"(1)   Upon compliance with ORS 307.162, the following property owned or being purchased by incorporated literary, benevolent, charitable and scientific institutions shall be exempt from taxation:

"(a)   Except as provided in ORS 748.414, only such real or personal property, or proportion thereof, as is actually and exclusively occupied or used in the literary, benevolent, charitable or scientific work carried on by such institutions.

"(b)   Parking lots used for parking or any other use as long as that parking or other use is permitted without charge.

"(c)   All real or personal property of a rehabilitation facility or any retail outlet thereof, including inventory. As used in this subsection, 'rehabilitation facility' means either those facilities defined in ORS 344.710 or facilities which

grounds, the court will assume, for purposes of these motions, that plaintiff does so qualify.

provide physically, mentally or emotionally disabled individuals with occupational rehabilitation activities of an educational or therapeutic nature, even if remuneration is received by the individual.

"(d) All real and personal property of a retail store dealing exclusively in donated inventory, where the inventory is distributed without cost as part of a welfare program or where the proceeds of the sale of any inventory sold to the general public are used to support a welfare program. As used in this subsection, 'welfare program' means the providing of food, shelter, clothing or health care, including dental service, to needy persons without charge."

■■ Plaintiff's property does not qualify for exemption under any of the above conditions. Plaintiff's store does not qualify as a retail outlet of a rehabilitation facility. Although plaintiff may be a retail store dealing exclusively in donated inventory, plaintiff's activities are not limited to a "welfare program" as defined by the statute. If plaintiff is to qualify, the subject property must be "actually and exclusively occupied or used" for charitable purposes.

■ A retail store, whether stocked by donated goods or not, is not being exclusively used for charitable purposes. It is being used as a retail store. The fact that income from the store is used for charitable purposes does not meet the statutory requirements. *Corp. Presiding Bishop v. Dept. of Rev.*, 6 OTR 268, 269 (1975), *aff'd* 276 Or 775, 556 P2d 685 (1976).

■ It is possible for property to be exempt from taxation even though not directly used for exempt purposes if it is used in a manner that substantially contributes to achieving the charitable organization's goals. *Mercy Medical Center, Inc. v. Dept. of Rev.*, 12 OTR 305, 310 (1992). For example, a cafeteria in a charitable hospital is not used to heal the sick but to provide food and refreshment for the staff and visitors to the hospital. Nevertheless, the area used as a cafeteria may be exempt from taxation because it substantially contributes to achieving the hospital's purposes. *See* OAR 150-307.130-(A)(4)(c)(A). *See also* OAR 150.307.130-(A)(4)(a). Here, the use of the subject property in this case does not contribute substantially to achieving the charitable goals of any other exempt property.

Based on the above, the court finds that defendant's Motion for Summary Judgment should be granted. Now, therefore,

IT IS HEREBY ORDERED that defendant's Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that plaintiff's Motion for Summary Judgment is denied.