## ASSISTANCE GUILD OF BEND
## v.
## DEPARTMENT OF REVENUE
## (TC 3697)

Robert S. Lovlien, Holmes, Hurley, Bryant, Lovlien & Lynch, Bend, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered March 3, 1995.

**CARL N. BYERS, Judge.**

Plaintiff appeals the denial of a property tax exemption on its real property for the 1993-94 tax year. This matter is before the court on cross motions for summary judgment. The parties stipulated the facts.

Plaintiff is a nonprofit Oregon corporation organized May 11, 1990. It is affiliated with the National Assistance League, which has over 71 chapters throughout the United States. Although its Articles of Incorporation do not state a purpose as such, its property is irrevocably dedicated to charitable purposes. Its Bylaws state:

"The purpose of this organization shall be as stated in its Articles of Incorporation; and to carry on a program of philanthropic work in the community and to control and administer at least one (1) major philanthropic project."

Plaintiff qualifies as an organization exempt from federal income taxes under IRC § 501(c)(3).

Plaintiff is a membership organization and part of its income is from the dues paid by those members. Plaintiff also receives income from the operation of a retail store commonly referred to as the gift shop. The store sells a mixture of goods including donated antiques, "gently worn" clothing and gift-related items, as well as items placed on consignment with plaintiff. Plaintiff also purchases new merchandise to sell in its store. New merchandise accounts for less than forty percent of the inventory at any one time.

Plaintiff has no paid employees and uses all volunteer labor in its organization. Plaintiff receives no unrelated business income. All proceeds from the retail store are used to purchase new merchandise for sale or to pay for plaintiff's charitable projects.

During the tax year involved plaintiff conducted four separate projects. "Operation School Bell" provides clothing for children in the elementary, middle schools and high schools in the Bend-LaPine School District. The clothing is donated by members, individuals and businesses, or is purchased with proceeds from the retail store. Individual teachers and administrators at each school determine which children need the clothing. Plaintiff coordinates the distribution of the clothing through the school administration.

The "Teen Mom Program" operates in a similar fashion, providing clothing to teenage mothers and their children. In this program, local and regional relief agencies, the school district and Deschutes County Mental Health make the determinations of need.

In "Project Hug a Bear" plaintiff provides teddy bears to the Deschutes County Sheriff's Office and Search and Rescue for distribution to children involved in traumatic situations. The teddy bears are distributed at the discretion of the officers and staff involved in dealing with such children.

The fourth project, "Caring and Sharing," provides companionship to the elderly through monthly birthday parties in local nursing homes. Plaintiff provides the decorations and refreshments without charge. The nominal expenses

incurred in this project are paid for by proceeds from the operation of the retail store.

Plaintiff seeks exemption under ORS 307.130, which provides a property tax exemption for property of literary, benevolent, charitable and scientific organizations. Plaintiff claims that its real property qualifies under ORS 307.130(1)(d):

"All real and personal property of a retail store dealing exclusively in donated inventory, where the inventory is distributed without cost as part of a welfare program or where the proceeds of the sale of any inventory sold to the general public are used to support a welfare program. As used in this subsection, 'welfare program' means the providing of food, shelter, clothing or health care, including dental service, to needy persons without charge."

The single issue presented by plaintiff's appeal is whether the above statute allows a property tax exemption for a retail store which does not deal "exclusively in donated inventory." Plaintiff points out that the 1979 legislature amended the statute by deleting the word "and" and inserting the word "or." Plaintiff believes this shows an intent to exempt the property of a retail store which also purchases its inventory. Plaintiff relies on the use of the words "any inventory" to include purchased as well as donated inventory. The court cannot accept plaintiff's construction of the statute.

■ The statute exempts the property of a retail store "dealing exclusively in donated inventory." The statute then describes how that inventory may be disposed of, *i.e.*, distributed without cost as part of a welfare program or sold and the proceeds used to support a welfare program. When the legislature changed "and" to "or," it did not change the meaning of the word "any." Both before and after the amendment, the word "any" has referred to "exclusively donated" inventory. A "store" which receives entirely donated inventory and distributes it without cost to the recipients as part of a welfare program would undoubtedly be exempt. It is the selling of goods to the general public which makes the operation a retail store. The legislature has granted a narrow exemption, providing relief only to those retail stores that deal exclusively in donated inventory and use the proceeds of any sales to support a welfare program.

The court concludes that plaintiff does not qualify under ORS 307.130(1)(d) because its retail store does not "deal exclusively in donated inventory."[1] Consequently, department's Opinion and Order No. 94-0251 must be upheld. Now, therefore,

IT IS ORDERED that defendant's Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that plaintiff's Motion for Summary Judgment is denied. Costs to neither party.

---

[1] In *Kiwanis Club v. Dept. of Rev.*, 12 OTR 318 (1992), the court stated that the type of goods sold is irrelevant. That statement was too broad in view of the language of ORS 307.130(1)(d).