Submitted on respondent - cross-appellant's Emergency Motion to Vacate Stay
filed July 9, appellant - cross-respondent's Motion for Review of Temporary
Support Order filed July 8, and Motion to Consolidate filed August 18, order
granting stay of judgment and granting temporary child support vacated;
motion to consolidate denied October 7, 1998

## In the Matter of the Marriage of

### Lisa Lynn McGINLEY,
### nka Lisa Lynn Hamilton-Treick,
*Respondent - Cross-Appellant,*

*and*

### Daniel Case McGINLEY,
*Appellant - Cross-Respondent.*

### (D8712-68732; CA A101792)

965 P2d 486

Charles F. Hinkle and Stoel Rives for appellant - cross-respondent's motions.

Mark A. Johnson and Findling & Johnson, for respondent - cross-appellant's motion.

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Mother moves to vacate a trial court order that stayed a child support judgment pending appeal. *See* ORS 19.360. The court stayed the judgment on the ground that father's filing of a supersedeas undertaking automatically stayed it. *See* ORS 19.335(1); ORS 19.355(1). Father, in turn, moves for review of a provision in the same order that required him, pending resolution of his appeal, to pay temporary child support in the amount ordered in the judgment that the court had stayed. He also moved to consolidate his motion on the temporary support order with his appeal on the merits. *See* ORS 107.105(4). We vacate the trial court's order and deny the motion to consolidate.

The parties were divorced in 1988. The dissolution judgment awarded mother custody of the parties' two children and ordered father to pay child support. In 1996 and 1997, both parties moved to modify father's child support obligation. After a hearing on the motions, the trial court issued a judgment modifying father's obligation. Father filed a notice of appeal from the judgment and filed a supersedeas undertaking in the amount of $22,335. Mother filed objections to the undertaking, contending that it did not stay the child support judgment under ORS 19.335(1). That statute provides that a "judgment for the recovery of money" is stayed upon the filing of an undertaking that provides that the appellant will pay the judgment to the extent that it is affirmed on appeal. Father argued that the child support obligation imposed in the judgment made the judgment one "for the recovery of money," so that it was stayed by his filing of the undertaking. Father stopped paying child support as of May 1, 1998, the date on which he filed his undertaking.

The trial court agreed with father and entered an order staying the judgment. However, in the same order the trial court granted mother's motion for temporary child support pending appeal, ORS 107.105(4), the effect of which was to impose the same child support obligation that was imposed by the stayed judgment. Mother seeks review of the portion of the order staying the judgment, and father seeks review of

the portion of the order that awarded temporary child support pending appeal.

■       We begin our inquiry with an examination of the relevant statutes. ORS 19.355(1) provides that the "provisions of [chapter 19] relating to stays on appeal apply to a domestic relations judgment." ORS 19.350 provides for discretionary stays of judgments, whereby a party seeking a stay first requests the stay from the trial court. The court then decides whether to grant it. Father did not seek a stay under that provision, and the court did not grant one under it. ORS 19.335 allows for stays by the filing of a supersedeas undertaking. Father invoked that provision in filing his supersedeas undertaking and in suspending his monthly child support payments. ORS 19.335(1) provides that

> "[i]f a judgment is for the recovery of money, a supersedeas undertaking acts to stay the judgment if the undertaking provides that the appellant will pay the judgment to the extent that the judgment is affirmed on appeal."

Father contended, and the trial court agreed, that father's child support obligation could be stayed pursuant to that provision, because the judgment for that obligation is a "judgment for the recovery of money." We disagree.

■       The statute requires a "recovery of money." That language connotes a receipt of money that is due for past events or conduct. *See, e.g., Junck v. Wright*, 94 Or App 704, 767 P2d 100, *rev den* 308 Or 465 (1989). A child support judgment, in contrast, deals with amounts that are due in the future. Child support obligations are ongoing. They are a form of future financial obligations. In addition, the amount of a child support judgment is not fixed as to future payments; it is always subject to modification if circumstances change. *See* ORS 107.135. An uncertain amount, due at varying times in the future, cannot be "recovered." The language of the statute does not appear to be ambiguous.[1] Thus, we

_____

[1] Even if we were persuaded that the statutory language is ambiguous, the legislative history supports our interpretation. Jim Nass testified on behalf of the Appellate Practice Section of the Oregon State Bar, which had helped develop the 1997 revisions to ORS chapter 19, that ORS 19.335(1) "was not intended to apply to on-going child support or spousal support, or other *in futuro* financial obligations contained in judgments." Testimony, House Judiciary Committee, Subcomm on Civil Law (Jan 22, 1997) (statement of Jim Nass). Although statements of a witness

conclude that a judgment for child support is not a judgment for the recovery of money and, therefore, is not subject to ORS 19.335(1). Consequently, the trial court erred in ordering a stay of the judgment on that ground.

Accordingly, we vacate the portion of the court's June 22, 1998, order that stayed the child support obligation in the judgment. Based on our disposition of that portion of the order, we also vacate the portion that granted temporary child support, on the ground that there is no remaining ground for that relief. We also deny father's motion to consolidate as moot.

Order granting stay of judgment and granting temporary child support vacated; motion to consolidate denied.

---

on proposed legislation may be of limited value in determining legislative intent, *see, e.g., State v. Guzek*, 322 Or 245, 260, 906 P2d 272 (1995); *Mallon v. Employment Division*, 41 Or App 479, 483, 599 P2d 1164 (1979), Nass's role in helping to develop the legislation makes his statement about its intended effect useful in determining the intent behind ORS 19.335.